SEMELE SHORT, and FREDERICK H. SHORT, impleaded, etc., Plaintiffs in Error, *v.* JAMES L. JOHNSON, Administrator of the estate of James Bloomer, deceased, Defendant in Error.

### ERROR TO JO DAVIESS.

If an administrator settles a claim against a debtor to the estate, in good faith, his action cannot be called in question by a subsequent administrator.

Where an administrator's acts have been approved, and his resignation accepted, and a discharge granted, these matters become *res judicata*, and are binding until they shall be set aside.

Creditors, but not an administrator *de bonis non*, might charge an antecedent administrator with a *devastavit*.

An administrator *de bonis non* can only administer upon such estate as has not been administered upon by others.

THE bill in this case charges that James Bloomer died November 27, 1850; that his widow Semele was appointed administratrix, November 30, 1850; that she so acted till December 23, 1851, when she resigned, and the County Court accepted her resignation; that on the 23rd of February, 1852, the complainant, James L. Johnson, was appointed administrator *de bonis non*, and so remained until filing of the bill. That the deceased, at the time of his death, owed about $40,000; that the estate is insolvent, and not sufficient to pay one-fourth part of said debts; that $36,000 of this indebtedness is due one S. C. March, of New York City; that at the time of the death of Bloomer, Hugh McFarland owed said Bloomer; that on the 19th April, A. D. 1851, the administratrix, Semele, compromised and settled with McFarland, and being selected and chosen as a suitable person for that purpose, took a conveyance from him to " Semele Bloomer, administratrix of James Bloomer, deceased," of the north-east fractional quarter of Sec. 2, Town. 28, Range 1 west of fourth principal meridian, in discharge of the debt.

The deed is made an exhibit, and is a warranty deed in the ordinary form, with an expressed consideration of $3,000, excepting from his covenants, a deed of trust given by said McFarland to said James Bloomer, an attachment proceeding in favor of Henry Corwith, on which a sale of said land has been made, and a certificate of purchase issued to Corwith, and all tax titles and taxes due.

The bill further alleges, that when Semele so took this title, she took it in trust for his estate—that the deceased in his lifetime, paid all the considerations—that this deed was in payment of McFarland's debt to the deceased—and that she was a naked trustee for the estate and creditors.

It also alleges, that on the 22nd of October, 1849, McFarland executed to the said James Bloomer a deed of trust, to secure the payment of money, and the performance of certain acts to be performed by McFarland for Bloomer, and that it was this debt and their acts that were compromised and settled by the conveyance of McFarland to said Semele of said land, which was also in this deed of trust with other lands. This deed of trust is made an exhibit. That shortly after the execution of said deed, from McFarland to her, and being about to resign as aforesaid, she did, on the 15th of October, 1851, by deed convey to Daniel F. Smith, James Carter, N. Corwith, William H. Snyder, and John J. Anderson, together with each and all of the creditors of Bloomer's estate, in proportion to their respective debts against said estate, all the right, title, interest and claims of every name, nature, kind and degree which she had in and to, or in any way growing out of said estate, including her dower in the same, for the expressed consideration of $7,000.

This deed is made an exhibit, and is a full conveyance of all her interest in all real or personal estate and choses in action, etc., of the estate.

The bill alleges, that it was the intention of said Semele to vest all her interest in this estate in the various creditors, and to relinquish whatever claim she had, but that this deed was inoperative and void, and passed nothing, for the reason that the grantees are not properly named, their interest is not properly set out, nor is there any description of any particular kind of property set forth in the deed.

That the estate has never received any benefit from said conveyance to said Semele, nor have any of the creditors received any amount whatever, for any of the property conveyed by said deed. Nor is it possible that said estate should be benefited thereby; because the only land which she had title to, belonging to said estate, was the land heretofore mentioned, which complainant insists did not pass to said creditors by this deed.

That complainant, at the August term, 1852, of the Jo Daviess Circuit Court, applied for a sale of the real estate of the deceased, for the purpose of paying the debts of Bloomer, deceased; and that the land heretofore described was included in his petition among other lands.

That the court ordered a sale of the lands in the petition described. On the 18th of October, 1852, the above described land was sold at the administrator's sale, to Alexander Frear. The administrator's deed is an exhibit. It contains a large quantity of land, and shows that the land in controversy was sold for $3,400.

That Bloomer was not seized of the land, and had no title which could be sold by the administrator. That the title was in Semele, as a naked trustee for the creditors, and that no title passed to Frear. That the administrator was advised by counsel that he had a right to sell, and thought so when he sold, but that he is now satisfied that he was mistaken, and that his deed to Frear is of no avail or effect.

It is also alleged, that the estate is insolvent; that all the personal and real property has been applied to the payment of debts against the estate, except the lands above described, which belong in equity to the creditors, and should be sold and the proceeds applied to paying their debts; that said Semele claims to be the absolute owner, and refuses to execute her trust, and to sell and apply the proceeds for the benefit of the estate.

That the creditors are prevented from getting, and the administrator from paying them all the indebtedness due them, without a proper sale of said land, which equitably belongs to the estate.

That said Semele has intermarried with Frederick H. Short; that James F. Bloomer is an infant son of the deceased.

Prayer for answer, (the oath waived), and for a decree that the land belongs to the estate; that said Semele took it in trust, etc., as a naked trustee; that her deed of October 15, 1851, passed no title to the grantees; that if it did, that the land may be declared to be held by the grantees in trust for the creditors, and that the same be ordered to be sold for the benefit of said creditors.

That the administrator's deed, from complainant to Frear, may be declared void, and that nothing passed under it, and for other and further relief, etc.

The answer of Frederick H. Short and Semele Short, late Semele Bloomer, admits that Bloomer died intestate, leaving said Semele his widow, and James an infant son; that she took out letters of administration; that she acted till December 23, 1851; and that she then resigned, and that the resignation was accepted.

States, that on her resignation, and before the same was accepted, she fully settled up with and accounted for all her goods, chattels, rights, credits and effects of every name and kind, coming to her hands, custody or control, as such administratrix, and that she was fully released and discharged by the court from the administration of the estate. The answer, assuming the form of a plea, then sets up as a bar to the relief sought, an adjudication of the County Court of Jo Daviess, sit-

ting as a probate court. The record of said County Court is set forth in the words and figures following:

"*23rd December*, 1851.

"In the matter of the estate of }
   JAMES BLOOMER, dec'd. } Resignation of Administratrix.

"In this case, the administratrix of the estate having given notice as required by law in such cases, as appears satisfactory to the court, tenders her resignation as such administratrix in writing to the court. And having made and rendered a complete settlement of all matters in her hands, as such administratrix, up to this date, and having delivered into court all evidences of property, papers, money and choses in action (with her expenses) belonging to said estate: It is ordered by the court, that said administratrix be discharged from further exercise of her office, as such administratrix."

Defendant then avers, that after her resignation and discharge, the complainant was appointed administrator *de bonis non;* that his authority extended to the goods and chattels of the intestate unadministered, and to debts due and unpaid; that he has no power or authority to call on the former administratrix to account for any part of the estate sold, converted or wasted, and that he is not the proper party to be complainant in this case.

It is admitted that complainant was appointed administrator as alleged.

That Bloomer died largely in debt, as charged; that McFarland owed Bloomer at the time of his death; that said Semele did, as administratrix, by the direction and under authority of the probate court, compromise and settle with McFarland; that said compromise and settlement was reported to and accounted for to said County Court, in the due administration of said estate.

That McFarland and wife did convey said land to her, by the name of "Semele Bloomer, administratrix of the estate of James Bloomer, deceased;" that this was merely a description of the person; that the deed was made to convey the land to her; that she did not take the title in trust for the creditors, but as and for her own property; that she was not chosen or selected by any one for any purpose, as stated, nor did she take it except as a purchaser, for her own use, and not in trust, and she claims the premises as her own, denying all trusts. Admits that she took the title from McFarland under said deed; and that she compromised and settled with McFarland, as she had a right to do; and that she has fully accounted to the probate

court for her acts and doings in making the compromise and settlement; and that on a full settlement she was discharged and released, and her acts and settlements approved and affirmed.

Denies that the title was taken in trust, or that the consideration for said conveyance was wholly furnished by James Bloomer in his lifetime, or that said Semele was a naked trustee for the estate and creditors.

That there was a deed of trust from McFarland *et ux.* to deceased, embracing the above and other lands and premises; that said Semele settled and compromised with McFarland, and released and discharged the deed of trust; that this was done by the advice of the judge of probate; that the settlement and compromise was approved by the court, and the proceeds duly accounted for to said court by said Semele.

That no title passed to said estate by said trust deed, but said property was sold by the sheriff of Jo Daviess, under a judgment and execution having a prior lien to the deed of trust; and under said sale Henry Corwith took a certificate of purchase as the purchaser, and duly assigned the same to said Semele for a good and sufficient consideration; and that the same was never redeemed by McFarland or any judgment creditor, by means whereof and under the deed from McFarland *et ux.*, a title was vested in said Semele.

That in October, 1851, said Semele became desirous of resigning her office of administratrix. At the time of the death of Bloomer, he was largely engaged in the lumber business in Wisconsin, owned real and personal estate worth some $60,000 with his partner, Daniel F. Smith, now surviving, and some $45,000 in personal property in St. Louis, which had been administered on in Missouri by one Edwards. All the Wisconsin property was in the hands of said partner. Under the laws of Wisconsin and Missouri, she was entitled to dower in said real and personal property.

Bloomer died seized of valuable real estate in Jo Daviess county, in which she had a right of dower. Wishing to resign and be discharged, and the surviving partner and the creditors wishing to obtain her dower interest, so that the property might be sold not subject to it, she executed the deed set forth as an exhibit.

Denies expressly that the land described in the bill was intended to be embraced in the transfer, but the same was then and is now held as her absolute property, as a consideration in part for her release of her interest in the estate. And such was the expectation and understanding.

That by reason of said conveyance by said Semele, and by

virtue of the decree of the court for the sale by the administrator, the lands of which Bloomer died seized were sold discharged of dower, and the proceeds of the sale divided among the creditors; and that it would be a fraud upon the purchaser and upon said Semele, to grant the relief complainant asks for.

Admits that it was the intention of Semele to vest all the interest she had in the estate of Bloomer in the grantees mentioned in her deed.

Expressly denies that it was intended to convey her interest in the land described in the bill.

Affirms that the deed did pass her dower and all other interest she had in the estate of her husband. Assuming the form of a plea, it is set up by it, that the complainant, as administrator *de bonis non,* filed his petition for a sale of the lands of which Bloomer died seized, to pay debts.

On the hearing of the administrator's petition to sell, the administrator offered in evidence the deed of said Semele, to show that she had released the dower. The court ordered a sale of the lands, including the dower interest so released; and that the administrator did sell and convey the land, discharged of dower; that the administrator received the proceeds of the sales of said real estate, and accounted to the probate court therefor. The money arising from the sale, including the dower interest, was distributed among the creditors of the estate who had proved up their demands. Defendants plead these proceedings, and that complainant is estopped from maintaining his bill.

The answer then denies that the estate never derived any benefit from the deed; and states that the property sold for more on account of the dower having been released than it would otherwise have done; and insists that the dower interest in a large and valuable real estate did pass, and the creditors of the estate had the benefit of it.

It is admitted that no interest in the land in controversy passed, and it is claimed that there was no intention that it should.

It is admitted that said estate continues largely indebted; that the personal property may have been sold; that the order to sell real estate was obtained. That the property of said Semele was included; and denied that the proceedings divested her of any interest in the land which she owned in her own right, not conveyed by said release.

That the land in controversy, and various other lots and tracts, were sold; that Alexander Frear purchased largely at the sale, and among other property, bought that in controversy, for about $3,500, and took a deed for it; that the amount of Frear's

purchase was paid to the complainant, and by him distributed among the creditors of the estate.

It is also admitted that Frear got no title to the land in controversy; that the administrator and Frear supposed Frear got an interest; that the complainant may be now satisfied that he had no authority, and that Frear got no title. Insists that the administrator is not the proper party to bring the bill.

Marriage with Short admitted, and general traverse in relation to matters in bill not admitted or denied.

It is alleged that one Sherman obtained a judgment against Frear for $10,133.33; that execution had been issued and levied on the lands in the bill described; and that they have been advertised for sale under the execution; and that Frear has since conveyed the land to Sherman.

To this pleading, a general replication, treating it as an answer, is filed.

There is also a replication to this plea, which is, that it is no answer to the bill and no defense thereto; and that complainant has the right to prosecute his suit.

The decree is, that the north-east quarter of Section 2, Township 28, Range 1, was taken by said Semele, while acting as administratrix, in payment of the McFarland debt to deceased, and conveyed to her by McFarland in payment thereof; that she is a naked trustee; that she has never accounted to the court of probate, nor to the estate, for the McFarland debt, with which the land was purchased; that Bloomer's estate is insolvent; that the title and interest of said Semele Short, S. C. March, Daniel F. Smith, James Carter, Nathan Corwith, John Anderson, William H. Snyder, and James F. Bloomer, and the other defendants in said bill, excepting the said Alexander Frear, in and to said lands, be sold by said James L. Johnson in the same manner and upon the same terms, etc., as in case of administrators' sales, and that Johnson is authorized and empowered to make good and sufficient deeds, and to apply the proceeds of the sale to the payment of the debts of the estate according to law, and make report of his actings and doings in relation to said sale, to the County Court. That said Semele Short and Frederick H. Short be debarred from exercising any control over said lands by virtue of said deed from McFarland; that she took the lands as a naked trustee for the benefit of the estate; that having claimed the land in her own right, and having failed to perform her duty as trustee, that she be removed and discharged from acting further as such; that the complainant proceed to sell and convert said trust estate into money, as hereinbefore decreed.

LELAND & LELAND, and M. Y. JOHNSON, for Plaintiffs in Error.

FARWELL & SMITH, for Defendant in Error.

BREESE, J. We do not perceive any valid ground of complaint set up in the bill filed in this cause. The appellant, whilst she was the administratrix on the estate of her deceased husband, had full power and competent authority to settle the claim against McFarland, or any other debtor to the estate, and if she acted in good faith, she cannot be called in question for it by a subsequent administrator. Her act, in this regard, has been adjudicated upon by the court of probate, and approved, and a full settlement of her administration made with that court, and her resignation of the trust accepted and she fully dicharged. This constitutes *res judicata*, and is binding until set aside. If, however, she appropriated the proceeds of this debt adjusted with McFarland to her own use, she would be chargeable with a *devastavit*, in which the administrator *de bonis non* would have no interest. Creditors of the estate might call her to account, but not this complainant. She has administered so much of the estate, and it cannot now be said to be estate unadministered. An administrator *de bonis non* can take charge and administer only such estate as is not administered by the first administrator. See *Stose* v. *The People, post.*

We see no ground upon which to sustain the decree, and accordingly reverse it, and direct that the bill be dismissed.

                                        *Decree reversed.*