## BARNES *v.* BARTLETT.

REFORMATION OF WRITING.—*Mistake of Law.*—To entitle a party to a refor-
mation of a written instrument, it must be made to clearly appear that there was
a mistake of fact, and not of law.    It must appear that something has been
inserted contrary to the intention and agreement of the parties, or that some-
thing has been omitted which it was intended should be inserted.

DEED.—*Contemporaneous Parol Agreement.*—The express terms of a deed can-
not be varied, changed, or controlled by a contemporaneous parol agree-
ment.

SAME.—*Voluntary Conveyance.*—A voluntary conveyance of real estate with-
out any consideration, either good or valuable, is binding between the parties,
in the absence of fraud.

GUARDIAN OR ADMINISTRATOR.—*Settlement Cannot be Attacked Collaterally.*—
The settlement of a guardian or administrator cannot be set aside or opened
up, except by a direct proceeding.

CONVEYANCE.—*Description of Property.*—A deed conveying, in general terms,
without a specific description of the property, all of the vendor's real and per-
sonal estate, inherited from a person named, is good.

From the Warren Circuit Court.

*J. McCabe*, for appellant.

*Wallace & Rice*, for appellee.

BUSKIRK, J.—The errors assigned call in question the
action of the court in sustaining demurrers to the first,
third, and fourth paragraphs of the complaint. When
the ruling of the court was announced, the appellant dis-
missed the second paragraph, and refusing to plead further,
final judgment was rendered for the appellee.

The first, third, and fourth paragraphs of the complaint,
and the deed mentioned therein, are as follows:

"Par. 1. The plaintiff complains of the defendant, and
says that on the 31st day of December, 1866, said defend-
ant and Opha Barnes executed to said defendant a deed, a
copy of which is herewith filed, marked ' A,' and made part
of this paragraph; that at the time of the execution of said
deed, it was not the agreement or intention of the parties to
convey to said defendant the personal estate inherited from
his said son, Thomas B. Barnes, deceased, who died on or
about the 23d day of December, 1866; that at the time of

the death of the said Thomas B. Barnes, the said defendant was the guardian at law of the said Thomas B. Barnes, and held in his hands as such guardian the sum of one thousand five hundred dollars, to which, after the death of the said Thomas B. Barnes, the said plaintiff was sole heir at law; that at the time of the execution of said deed, it was expressly agreed, by and between said plaintiff and defendant, that the word 'personal,' as applied to estate mentioned in said deed, was not to convey to said defendant the personal estate in his hands as such guardian; but said defendant falsely and fraudulently represented to said plaintiff that he only wished the conveyance so made that it might operate as a receipt to him in settling his guardianship with the court; and that said defendant would pay to the plaintiff the amount in his hands, as such guardian aforesaid, after the payment of all claims against said estate and the expenses of said guardianship; that the representations so made by defendant were wholly false and fraudulent, and made with fraudulent intent to cheat the plaintiff out of his right by inheritance to said personal estate; wherefore plaintiff prays that said deed may be so reformed as to make it conform to the intention and agreement of the parties thereto as aforesaid, and he prays judgment against said defendant for the sum of one thousand five hundred dollars, the amount in his hands as such guardian, belonging to the estate of said ward, which is now due plaintiff, and remains wholly unpaid, there never having been any administrator appointed for the estate of said decedent; and he prays for all other proper relief.

"Par. 3. And plaintiff further complains of said defendant, and says that on the 31st day of December, 1866, the plaintiff and his wife, Opha A. Barnes, executed a deed to defendant purporting to convey certain real estate to defendant, a copy of which is filed as an exhibit to the first paragraph herein, marked 'A,' and also made a part of this paragraph; and plaintiff avers that the said Thomas B. Barnes mentioned in said deed was the son of plaintiff, and died on the 23d day of December, 1866, leaving surviving him as

his sole heir at law the plaintiff; that said Thomas B. Barnes died seized in fee simple of an undivided interest in the following real estate in Warren county, Indiana, to which plaintiff is entitled by virtue of his inheritance from said Thomas B. Barnes, to wit :"   (We omit description.)

"And he further avers that said pretended deed was executed without any consideration, and is void because of such want of consideration and uncertainty ; and he further avers that said defendant is claiming to be the owner of said interest in said real estate by virtue of said deed; wherefore plaintiff prays that said deed, as to said real estate mentioned therein, be set aside and declared void, and for all other proper relief.

"Par. 4. And said plaintiff further complains of said defendant, and says that on the 31st day of December, 1866, said plaintiff and Opha A. Barnes, his wife, executed to defendant a deed, a copy of which, marked exhibit 'A,' is filed as a part of the first paragraph herein, and also made part of this paragraph; that by the terms of said instrument the real and personal estate of Thomas B. Barnes, deceased, was conveyed to Thomas Bartlett, defendant; that previous to the death of said decedent he was a minor, under the age of twenty-one years, a son of plaintiff, and nephew of defendant, who was also his guardian at law, and as such had in his hands the personal estate of said ward, of the value of one thousand five hundred dollars; and when said ward died, December 23d, 1866, he left as his sole heir at law the plaintiff herein; that there never was any administrator appointed for said decedent's estate, there being no claims uncollected in favor of same, and no claims against the same except such as pertained to said guardianship.   And he further avers, that a part of the consideration for said conveyance of said real and personal estate was the agreement then and there of defendant to settle up said guardianship as speedily as possible, and after paying all claims against the same, and taking to himself credit for all his expenses, and liberal compensation for his services as such guardian, to pay

over to the plaintiff a sum equal to the surplus of said moneys left remaining in his hands; that in violation of his said agreement, he fraudulently failed to charge himself with one thousand five hundred dollars then in his hands as such guardian, and falsely and fraudulently stated to the court in his only account current, that he had charged himself with all sums come to his hands; and he avers that said sum of one thousand five hundred dollars still remains in said defendant's hands over and above all credits aforesaid, to which he was entitled; which sum, with interest thereon from the—— day of ———, 18—, is due plaintiff, and remains wholly unpaid; wherefore plaintiff demands judgment for one thousand five hundred dollars, costs, and other proper relief.

"Exhibit A.

"This indenture witnesseth, that James W. Barnes and Opha A. Barnes, his wife, of Oxford, Benton county, Indiana, doth hereby convey, transfer, assign, and set over to Thomas Bartlett, of Warren county, state aforesaid, for and in consideration of one hundred dollars, and other and further satisfactory considerations, all and singular all right, title and interest, claim and demand, in and to all the estate, real and personal, and of every name, nature, kind, and description, divided and undivided, which it is or may be our right, to us or either of us to have, hold, or receive as heir at law of Thomas Barnes, lately deceased, who was the son of the said James W. Barnes, and the only child surviving Elizabeth Barnes, deceased, the mother of the said Thomas Barnes. The said Elizabeth, deceased, being one of the children deceased, and heir at law of Thomas Bartlett, Senior, and Salvina Bartlett, late of said county of Warren, deceased. Hereby vesting in the said Thomas Bartlett all the right, interest, and estate, real and personal, or otherwise, that we or either of us have or can have as heir at law of the said Thomas Bartlett, deceased, son of the said Elizabeth Barnes, deceased, and said James W. Barnes, grantor herein.

"In witness whereof, the said James W. Barnes and Opha

A. Barnes, his wife, for and on account of the consideration, herein mentioned, hath hereunto set their hands and seals, this 31st day of December, 1866.

" JAMES W. BARNES. [Seal.]

" OPHA A. BARNES. [Seal.]"

The above deed was duly acknowledged and recorded.

The first paragraph of the complaint seeks a reformation of the deed. To entitle a party to a reformation of a written instrument, it must be made to clearly appear that there was a mistake of fact, and not of law. That is, it must appear that something has been inserted contrary to the intention and agreement of the parties, or that something was omitted which it was intended should have been inserted. The averments necessary to entitle a party to a reformation of a written instrument were fully considered, and the authorities bearing thereon were cited and carefully reviewed and considered, in the cases of *Allen* v. *Anderson*, 44 Ind. 395, and *Baldwin* v. *Kerlin*, 46 Ind. 426.

It is very plain and obvious, that the facts stated in the first paragraph of the complaint are wholly insufficient to entitle the appellant to a reformation of the deed. It is not pretended that there was any mistake of fact, or that the word " personal " was inserted in the deed contrary to the intention and agreement of the parties. It is averred that it was not the intention of the parties, at the time of the execution of the deed, to convey the personal estate inherited from the said Thomas B. Barnes, deceased; that it was not intended by the use of such word to convey such personal estate, but that the appellee falsely and fraudulently represented to appellant that he only wished the conveyance so made that it might operate as a receipt in his settlement as guardian with the court; and that appellee agreed to pay to appellant all sums which should remain in his hands as guardian, after the payment of all claims and expenses against said estate; that such representations were false and fraudulent, and made with the wrongful intent to cheat and defraud appellant. The prayer was for a reformation of the deed,

and a judgment for one thousand five hundred dollars, which remains due and unpaid.

The word " personal " was purposely and understandingly used, and consequently no case is made for the reformation of the deed.

In the light of the doctrine laid down in *Booher* v. *Goldsborough*, 44 Ind. 490, the averments are wholly insufficient to set aside the deed upon the ground that .its execution was procured by fraud.

The question then arises, whether the appellant can recover upon the verbal agreement of the appellee to pay over whatever sum remained in his hands after the payment of the debts and expenses. The proof of such agreement would plainly and flatly contradict the deed which conveyed to the appellee the personal estate inherited from Thomas B. Barnes. The express terms of the deed cannot thus be varied, changed, and controlled by a parol contemporaneous agreement.

The second paragraph of the complaint seeks to avoid the deed, upon the ground that it was executed without any consideration.

A voluntary conveyance of land without any consideration, either good or valuable, is binding between the parties in the absence of fraud. *Fouty* v. *Fouty*, 34 Ind. 433, and authorities cited.

In the fourth paragraph of the complaint, the appellant seeks to set aside a settlement made by the appellee as guardian with the court below, and to recover the sum of fifteen hundred dollars, with which the guardian failed to charge himself in such settlement. Such settlement cannot be attacked in a collateral proceeding like this. It is well settled, that the settlement of a guardian or administrator cannot be set aside or opened up even by a suit upon the bond of such guardian or administrator. It requires a direct proceeding. The numerous decisions of this court bearing on the question under consideration were cited and reviewed in the case of *Reed* v. *Reed*, 44 Ind. 429.

Such is the settled rule in other states. *The State* v. *Roland*, 23 Mo. 95 ; *Caldwell* v. *Lockridge*, 9 Mo. 362 ; *Iverson* v. *Loberg*, 26 Ill. 179 ; *Short* v. *Johnson*, 25 Ill. 489 ; *Goodrich* v. *Thompson*, 4 Day, 215 ; *Negley* v. *Gard*, 20 Ohio, 310 ; *Supervisors, etc.,* v. *Briggs*, 2 Denio, 26 ; *Harlin* v. *Stevenson*, 30 Iowa, 371 ; *Paine* v. *Stone*, 10 Pick. 75.

It is also contended that the deed is void for the want of a sufficient description of the land conveyed.

It is settled, that a deed conveying in general terms, without a specific description of the property, all of the vendor's real and personal estate, inherited from a person named, is good. *Barton's Lessee* v. *Morris' Heirs*, 15 Ohio, 408 ; *Litchfield* v. *Cudworth*, 15 Pick. 23 ; *Jackson* v. *Delancey*, 4 Cow. 427 ; *Main* v. *Green*, 32 Barb. 448.

In our opinion, the court committed no error in sustaining the demurrer to the first, third, and fourth paragraphs of the complaint.

The judgment is affirmed, with costs.