HOLLAND ET AL. *v.* THE STATE, EX REL. FENTON.

GUARDIAN AND WARD.—*Final Settlement.—Collateral Proceedings.*—The final settlement of a guardian, made in the proper court, unless revoked, reopened, or appealed from, is conclusive upon the parties; it cannot be attacked collaterally in a suit by the ward on the guardian's bond, for the allowance to a third person of an unjust and fraudulent claim in such settlement.

From the Clark Circuit Court.

*J. G. Howard, J. F. Reid, A. G. Porter, G. F. Porter,* and *Jewett & Jewett,* for appellants.

*M. C. Hester,* for appellee.

BUSKIRK, C. J.—This was an action by the appellee against the appellants, upon the bond of Holland, as guardian of the relator, Keigwin being his surety.

There was issue, trial by the court, and a finding for the

appellee. The court overruled a motion for a new trial, and rendered judgment on the finding.

The error assigned consists in overruling the motion for a new trial.

The case made is this : In 1863, Holland was appointed the guardian of the relator, and soon afterward received four hundred dollars of his ward's money. In 1867, the guardian presented to the Clark Common Pleas his report, showing the amount of money by him received, the amount paid out, and the balance in his hands, which, by the order of the court, he paid into court, and resigned his trust, and was by the court discharged as such guardian. In his report, the guardian asked and obtained a credit for the sum of three hundred dollars, for so much money paid to James M. Phillips for boarding and lodging his said ward.

The object of this suit is to recover from the guardian and his surety the said sum of money so paid to Phillips, with interest and ten per cent. damages.

The court rendered a judgment for four hundred and fifty-one dollars and fifty cents and costs.

It appears from the evidence, that the claim was unjust and fraudulent on the part of Phillips, who was a brother-in-law of the relator. It further appears, that the claim was presented to the court, who ordered the guardian to pay the same, and the same was paid in open court, and the voucher of Phillips was presented and allowed by the court, and the guardian discharged. There was no appeal to the circuit court.

The settlement so made by the guardian has not been revoked or reopened, but remains in full force and unappealed from. In such case, no action can be maintained upon the bond of the guardian. Such final settlement, unless revoked, reopened, or appealed from, is conclusive upon the parties. In case of appeal, the settlement may be set aside for mistake or fraud. In this action, the settlement cannot be attacked. There was a failure of proof. Sec. 116, 2 G. &. H. 518 ; *Reed* v. *Reed*, 44 Ind. 429 ; *Barnes* v. *Bartlett*, 47 Ind. 98.

The judgment is reversed, with costs; and the cause is

remanded, with directions to grant a new trial, and for further proceedings in accordance with this opinion.