### SANDERS, ADMINISTRATRIX, v. LOY.

PLEADING.— *Partial Answer.* — In an action to compel an accounting for money alleged to have been received by the defendant from two persons, jointly or severally, for the benefit of the plaintiff, an answer only denying the receipt of such money from a particular one of such persons is an answer to part only of the complaint, and, when pleaded to the whole complaint, is insufficient.

SAME.—*Decedents' Estates.— Action against Former Administrator.— Fraud.— Approval of Administrator's Report.*—In an action against a former administrator of an estate, by his successor, to recover for certain assets of the estate alleged to have been fraudulently misappropriated and converted by the defendant, an answer alleging that the defendant had fully reported to the proper court concerning such assets, and that such report had been approved by the court, and the defendant discharged from his trust, more than three years prior to the commencement of such action, is sufficient.

SAME.—*Attacking Judgment Collaterally.*—Such approval is a judgment of a court of record, and can not be attacked collaterally, but only by a direct proceeding to set the same aside.

From the Hendricks Circuit Court.

*E. F. Ritter, L. C. Walker* and *L. Ritter,* for appellant.

*L. M. Campbell, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

BIDDLE, J.—The first paragraph of the complaint brought by the appellant, as administratrix *de bonis non,* alleges the following facts:

That, on the 26th day of January, 1860, the decedent, Benjamin Sanders, executed to defendant a chattel mortgage (made an exhibit); that, on the 18th of March, 1860, Benjamin Sanders died, and said Loy, with one Cary Reagan, were appointed administrators of his estate; that said Loy, instead of charging himself, as such administrator, with the property described in said mortgage, took possession of the same, sold it, and applied the proceeds to his own use, and refused to charge himself therewith, as such administrator; that said property was of the value of two thousand dollars; that the sum of thirteen hundred dollars, mentioned in said mort-

gage as being that day advanced to Mills and Sanders, payable ninety days from date, was fully paid by Benjamin Sanders and Thomas P. Mills, who was jointly liable with said Sanders therefor, to said Loy, by the. delivering to Loy of notes due to the said Mills and Sanders, or one or the other of them, sufficient to pay said debt, which notes Loy collected (the bill of particulars is made an exhibit), and also by personal property then mortgaged by said Mills to defendant (this mortgage is made an exhibit), which property was afterwards delivered to Loy in payment of said debt, and that Mills and Sanders in like manner also paid the note of Sanders due at Harrisons' Bank, calling for two hundred and seventy-nine dollars, mentioned in said mortgage, and that said Loy never paid any portion of said notes, nor any portion of the debts mentioned in the mortgage, and was not entitled to the possession of said personal property. Prayer for judgment for two thousand dollars.

The third paragraph of answer admits the mortgage, and that it was recorded, the death of Benjamin Sanders, and the appointment of Loy and Reagan the administrators of his estate, as charged in the complaint, and avers, that default was made in the condition of the mortgage, in this, that the note of two hundred and seventy-nine dollars, payable at Harrisons' Bank, had become due and remained unpaid, and there being no funds to pay it, the defendant paid it out of his own money, and that, by reason of the default, he was entitled to the personal property; that, with the consent of Reagan, his co-administrator, and by virtue of the mortgage, he took possession of the property described in the mortgage, and receipted to the estate of said Sanders therefor, and afterwards, with the consent of Reagan, advertised and sold the same, and realized therefrom the sum of one thousand five hundred and thirty-three and $\frac{35}{100}$ dollars, which was a full and fair price for the same; that he applied the funds of said sale to the payment of the debts

secured by the mortgage, but that they were insufficient to pay the debt of thirteen hundred dollars, then due the defendant, and the note at Harrisons' Bank, paid before that time by the defendant. " And the defendant denies that said Mills ever in any manner paid to defendant the debts secured by the mortgage of said Sanders."

The sixth paragraph of the answer was substantially the same as the third, with the additional averments, that the administrators had administered the assets of the estate fully, and made a final settlement of the same, which was confirmed by the court, and that this action was not commenced within three years after said final settlement and confirmation.

The third paragraph of the reply to the sixth paragraph of the answer avers, that, at the time of the final settlement so made, and the confirmation thereof by the court, the defendant claimed. and asserted to the heirs and creditors of the estate, and so testified before said court, that he had paid out of his private estate the several debts mentioned in the chattel mortgage, and that the same had never been repaid to him by any one; and also denied to the heirs and creditors of the estate, and thereby concealed the fact, that Mills and Sanders, or either of them, had delivered to him notes due to them, or either of them, sufficient to pay the debts secured by the mortgage; and denied that he had collected said notes and converted the proceeds to his own use, instead of paying the debts secured by the mortgage; and that since the settlement of said estate the defendant continuously asserted the same facts to the heirs, creditors and representatives of the estate, as true, by means of which assertions and testimony to the court, the heirs and creditors and representatives of the estate were kept in ignorance of the facts, that the contrary was true, to wit, that he had not paid said debt, and had received said notes from Mills and Sanders to pay said mortgage debts, and had so collected and used the pro-

ceeds of the same, by reason of which representations the plaintiff had not discovered the facts, but remained ignorant of the same until one month before the commencement of this suit.

Demurrers, alleging the insufficiency of the facts stated, were overruled to the third and sixth paragraphs of the answer, and sustained to the third paragraph of reply to the sixth paragraph of answer, and exceptions reserved.

These rulings, upon which final judgment was rendered for the appellee, are assigned as error, and present the only questions in the case.

The third paragraph of answer is pleaded to the whole complaint.

Conceding that it sufficiently answers that part of the complaint which charges the improper application of the property pledged in the chattel mortgage, it does not appear to us to sufficiently deny the receipt of the notes from Mills and Sanders, to pay one of the debts secured by the mortgage. The allegation in the complaint is, stated briefly, that the sum of thirteen hundred dollars, secured by the mortgage, was paid by Benjamin Sanders and Thomas P. Mills, by the delivery of certain notes to Loy, due to said Mills and Sanders, or one or the other of them, sufficient to pay the debt, which notes Loy collected, and appropriated the proceeds to his own use.

The denial of this averment in the third paragraph of the answer is in these words:

" And defendant denies that said Mills ever, in any manner, paid to defendant the debts secured by the mortgage of said Sanders."

It is very plain, that this averment does not deny that Mills and Sanders, or Sanders, did not thus pay him; and a denial that Mills did not pay him " the debts secured by the mortgage," does not deny that Mills and Sanders, or Sanders, did not pay him the debt of thirteen hundred dollars secured by the mortgage, when

other debts were also secured by the mortgage. The denial may be true, and yet Loy stand indebted to the estate of Sanders for the proceeds of the notes delivered to him to pay the debt of thirteen hundred dollars, as alleged in the complaint.

For these reasons the third paragraph of answer is insufficient.

But the appellee contends, that the following allegation in the third paragraph of answer is a sufficient denial of the averment we are considering:

"And the defendant says, that he applied the proceeds of said sale to the payment of said debts secured by said mortgage, (which then remained wholly unpaid to defendant,) so far as the same would go; that said proceeds were insufficient to pay said debt of thirteen hundred dollars to defendant, then presently due, and said note at said Harrisons' Bank, before that time paid by defendant."

This averment is affirmative. It does not deny the allegation in the complaint, that the debt of thirteen hundred dollars, secured by the mortgage, was paid by Sanders and Mills, or by Sanders or Mills, by the delivery of notes to Loy, due to said Mills and Sanders, sufficient to pay the debt, which notes Loy collected, and appropriated the proceeds to his own use. Indeed, it is not even inconsistent with it; for Loy might have paid the debt of thirteen hundred dollars out of the proceeds of the sale, as he avers, and yet have converted the proceeds of the Sanders and Mills notes to his own use.

But we hold the sixth paragraph of the answer sufficient.

The complaint charges fraud against Loy in the administration of the estate of Sanders.

The sixth paragraph avers, that a final settlement of the estate was made, and confirmed by the court, and that

this suit was not commenced within three years after said settlement was so made and confirmed.

. We come now to consider the sufficiency of the third paragraph of the reply to the sixth paragraph of answer, and in doing so we must keep in mind that the complaint is not brought to review or set aside the settlement of the estate of Sanders, made by Loy as administrator, but to recover judgment against him on account of the fraud charged in the complaint, in converting and misapplying the assets of the estate to his own use. To this action the final settlement of the estate of Sanders by Loy, as alleged in the third paragraph of reply to the sixth paragraph of answer, is a bar until the settlement is reviewed and set aside by a direct proceeding for that purpose, whether the action was brought within the three years after the settlement was made or since that time had expired.

The final settlement is a judicial proceeding, a judgment of a court of record having jurisdiction over the subject-matter and the parties, and therefore can not be attacked collaterally.

According to these well-settled principles, the third paragraph of the reply to the sixth paragraph of answer is insufficient, and the court committed no error in sustaining a demurrer to it.

But, for the error in overruling the demurrer to the third paragraph of answer, the judgment is reversed, at the costs of the appellee, and the cause is remanded for further proceedings.