## ELLA B. PEACOCK v. ROBERT LEFFLER.

1. *Attack on Final Settlement of Guardian or Administrator.*—Such an attack must be direct, and not collateral by suit on the bond, or personal suit, or in any other indirect manner.

Filed April 1, 1881.

Appeal from Monroe.

Opinion of the court by Mr. Chief Justice Woods.

The appellant, the plaintiff below, has assigned error upon the overruling of he motion for a new trial. The causes alleged in support of the motion were that the verdict is contrary to law and not supported by sufficient evidence, and error of the court in admitting and excluding evidence and in instructing the jury.

The complaint is in three paragraphs and is needlessly prolix. The first paragraph, covering twenty-one pages of the transcript, contains substantially the following alleged facts:

That Samuel H. Keene died testate, devising his whole estate to the plaintiff, and naming the defendant as the executor of his will. The defendant qualified as executor March 31, 1864, and made final settlement of his trust and was discharged therefrom by order of the court April 27, 1866. That at the request of the defendant and on his representation that it was necessary, in order to make an early settlement of said estate, she advanced to the executor, of her own separate means, not derived from said estate, the sum of $464.56, which the defendant charged against himself on his supplementary inventory and applied to uses of said estate, but she charges that his representation that the money was necessary, was false, that other monies of said estate came to his hands enough to pay all proper liabilities, which monies he did not charge himself with, but converted the same to his own use or applied them to the payment of improper and unlawful claims:

That after he had made final settlement and had been discharged from said trust, the defendant represented that the assets in his hands and monies received of her had not been sufficient, and that he had been compelled to use, and had used, of his own means, in discharge of the liabilities of said estate, large

sums, to-wit: at one time $272, and at another time $270. That believing his representation, she repaid him said sums, to-wit: $270 on the first day of November, 1876, and on the 22d day of February, 1869, $272.12. That said representation was false.

The second paragraph charges that while executor of said estate the defendant procured the plaintiff to allow him $150, for monies he claimed to have loaned said Keene in his life time· That on the 18th day of November, 1865, the defendant made his promissory note to the plaintiff for $265.40 payable one year from date, and after said note was due, by falsely representing that said sum of $150 was due him and had never been paid, procured her to give him credit therefor on said note. That in truth said sum was not owing or due him, but he had collected the same from said estate and had concealed the knowledge of the fact from the plaintiff. That after said note was due the defendant falsely represented that she was indebted to him in the further sum of $64.83, and relying on his said representation and having no knowledge of the facts on which the claim was based, she allowed him a credit for said sum on said note.

That on the 22d day of February, 1869, the defendant made of her a further demand for monies expended by him in making said settlement of April 27, 1866, and falsely represented that he had expended his own monies in making said settlement to the amount of $272, which had not been repaid him; and relying on said representation as true, and in ignorance of all the facts concerning said Keene's estate, she consented that the remainder due on said note, viz: $60, should be set off against said sum of $272, claimed by the defendant, and said note surrendered, which was accordingly done. That no part of said note has been paid, and said credits, to-wit: $150, $64.83 and $60, were procured by the fraud and imposition of the defendant, as already set forth.

The third paragraph is a common count for money had and received, to-wit: April 24, 1866, $464.56; April 25, 1866, $170.09; April 27, 1866, $150; November 1, 1866, $270; November 18, 1866, $265.40; February 22, 1869, $272.12.

The final settlement of a guardian or administrator can be set aside or opened up only by a direct proceeding for that purpose. It can not be attacked by a suit on the bond of the guar-

dian or administrator, or by a suit against such guardian or administrator personally, or in any other collateral manner. *Barnes* v. *Bartlett*, 47 Ind., 98; *Holland* v. *The State ex rel. Fenton*, 48 Ind., 391.

The complaint in this case is therefore bad in so far as the plaintiff seeks to charge the defendant with any misconduct as executor of said estate; as, for failure to account or for misapplication of the money on property which came into his hands or for any other breach of duty. The averment that by false representation, he procured the plaintiff to advance the sum of $464.56, to enable him to make a speedy settlement of the estate, shows no actionable fraud for this reason, namely: the complaint shows that the defendant charged himself with the sum so obtained, on his supplemental inventory and applied the same to the use of said estate, which was equivalent to an application for the use of the plaintiff, she being the sole legatee and owning the whole estate. No actionable wrong was accomplished in reference to that money; and for any misappropriation of other monies of the estate, the settlement and discharge are a bar to any suit. If, therefore, the plaintiff is entitled to any relief on her complaint, it must be by reason of what occurred after said settlement.

The first paragraph charges that by means of a false representation that he had been compelled to use his own means in making the settlement, the defendant procured of the plaintiff after the settlement had been made, large sums of money in repayment of the sums expended by the defendant, and the second paragraph charges that by a like false representation he obtained said credits on said note and a surrender of the note itself.

On examination of the record which purports to contain all the evidence adduced on the trial, we find no evidence that the defendant obtained any money of the plaintiff except such as she paid him as executor to enable him to make said settlement. There could therefore have been no recovery either on the first paragraph or on the third.

There was evidence that credits were made on the note at or near the times and for the amounts charged, but no evidence to warrant a conclusion that they were obtained by the false

representations charged, nor to show that such representations were made. The final report as executor, on which the court declared his trust settled, showed a balance of $272 in the defendant's favor, and it was, as already shown, in partial repayment of this sum that the plaintiff made a final credit of $60 on her note against the defendant, but this balance shown and declared in his favor in the record of the final settlement of his trust, did not constitute, nor tend to show, any of the representations charged against the defendant, and it does not appear by any testimony that the credits on said notes or any of them were obtained by means of such representations, or that the defendant made the representations charged to have been made after such settlement for the purpose of obtaining such credits.

The evidence which was admitted over plaintiff's objection and that offered by her which the court excluded, could have no bearing upon this part of the case, but only in the direction of the effort to charge the defendant for misuse or conversion of monies which he held as executor and while exercising his office as such. But the settlement barred inquiry in that direction. The same may be said of the instructions complained of. Whether, therefore, the court erred in any of the particulars charged, it is immaterial to inquire.

In the language of the 580th section of the code, it "appears to the court that the merits of the cause have been fairly tried and determined in the court below," and the judgment should not be reversed for any cause which has been brought to our attention.

Judgment affirmed with costs.