Candy, Administrator, *v.* Hanmore.

No. 8186.

CANDY, ADMINISTRATOR, *v.* HANMORE.

76 125
147 582
76 125
155 69

RECEIPT.—*Parol Evidence.*— A receipt is not conclusive, but may be explained or contradicted by parol evidence.

GUARDIAN AND WARD.—*Partial Reports.—Collateral Attack.—Ex parte* orders and partial reports, in relation to the duties of guardians, are considered as interlocutory, and are only *prima facie* correct, subject to revision at any time before final settlement, but they can not be collaterally attacked.

SAME.—*Final Report Conclusive as to Payment of Claims.—Fraud.—Mistake.*—A guardian's final report, when approved, is conclusive as to the payment of a claim embraced therein, and can not be collaterally attacked; nor can it be directly attacked, unless within the statute of limitations, for fraud or mistake.

From the Grant Circuit Court.

*I. Van Devanter* and *J. W. Lacey,* for appellant.

*G. W. Harvey,* for appellee.

FRANKLIN, C.—We take the following succinct statement of the facts in this case from appellee's brief : This was a claim filed by appellee against the estate of which appellant is administrator, and at first consisted of a note and an account for money had and received. The note was allowed by the administrator, and an answer in two paragraphs was

filed to the account, the first paragraph of the answer being a general denial of the account, and the second paragraph averring that the money had and received was received by appellant's intestate, as guardian of appellee, and that said guardianship had been fully and finally settled, and the guardian discharged, on the 20th day of March, 1868, making the final report and the order of discharge exhibits with the answer. There was a reply of general denial to the second paragraph of the answer.

Trial was had by the court, and a finding was made for appellee in the sum of $751.08 on the account. Appellant moved for a new trial, which motion was overruled. Exception was made to the ruling, and judgment was rendered upon the finding.

There is but one assignment of error made, and that is, the court erred in overruling appellant's motion for a new trial. The motion for a new trial assigned the following reasons :

"1st. That the court erred in admitting in evidence the testimony of John Entsminger, that no money was paid to the plaintiff by David Entsminger, deceased, at the time plaintiff and her husband gave to said David Entsminger, as guardian, their receipt for amount of estate of plaintiff in the hands of said guardian ;

"2d. That the finding of the court is not sustained by sufficient evidence ;

"3d. That the finding of the court is contrary to the evidence ;

"4th. That the finding of the court is contrary to law."

The first reason is insufficient ; the receipt was not conclusive, but only *prima facie* evidence of the payment of the money, and might be rebutted by parol proof that the money, in fact, was not paid. 1 Greenleaf Evi., sec. 305 ; *Moore* v. *Korty*, 11 Ind. 341 ; *Markel's Adm'r* v. *Spitler's Adm'r*, 28 Ind. 488, and numerous other cases that might be cited.

The second and third reasons may be considered together. Appellee was the daughter of the deceased, who had been her former guardian. The account sued on was for money alleged to have been in her said guardian's hands belonging to her, for which she had receipted, but had never received any part thereof. The amount of the receipt was $451.04, dated March 3d, 1868. The receipt was executed by appellee and her husband, he then being of full age. The controversy between the parties was, as to whether this balance, then due from the guardian to the ward, had ever been paid.

The appellee proved by John Entsminger, a brother of the deceased, that no money was paid at the time the receipt was executed. By Robert Corder, that deceased told him in 1869 or 1870, that he had money of plaintiff, but he intended to keep it for her raising. By John Hanmore, that he heard plaintiff's husband demand of deceased the amount due his wife, when decedent said he intended to charge this amount for her maintenance. There was another amount spoken of, which he said he would pay. This was money which her mother left plaintiff at her death.

Plaintiff then introduced in evidence the final settlement sheet of the guardian, dated March 3d, 1868, which showed a balance due the ward of $451.04, and for which the receipt in controversy was filed with said settlement sheet.

The appellant gave in evidence the record of the acceptance and approval by the court of the guardian's settlement sheet, and the decree of the court, of the guardian's final discharge, dated March 20th, 1868; also the note for $150, which had been admitted, dated October 22d, 1872.

Appellee, in rebuttal, then proved by said John Entsminger, that the note for $150 was for the amount of the plaintiff's interest in her grandmother's real estate, and not from her mother's estate. And by Daniel Hiatt that he heard plaintiff's husband say to deceased in, he thought about, 1872, that he had about $600 of his wife's money, and deceased said he intended to keep it for raising her.

Candy, Administrator, *v.* Hanmore.

To which appellant rebutted, by proving by Martin Griffin that he had bought plaintiff's interest in her grandmother's real estate for $410, and paid the money to plaintiff and her husband.

And this was all the evidence given upon the trial of the cause.

This evidence tends to prove that the receipt was given without the payment of the money, and that the money never has been paid therefor, though, if so, it is a little remarkable that this claim should thus rest for eleven years without any legal steps being taken by the son-in-law to settle, and, after the deceased had got out of the way, that it should come up against his estate. Under these circumstances, according to the well-established rule in relation to conflicting testimony, this court will not interfere by disturbing, from a comparison of the weight of the testimony, the finding of the court below.

The fourth reason for a new trial was, the finding of the court was contrary to law.

"Contrary to law," as embraced in this reason, has been defined to mean, "contrary to the general principles of the law as applicable to the facts." Buskirk's Practice, p. 239; *Bosseker* v. *Cramer*, 18 Ind. 44.

Would the facts insisted upon by appellee, if clearly proven, taken in connection with the undisputed facts proven by appellant, legally support the finding of the court.

*Ex parte* orders and partial reports, in relation to the duties of guardians are considered as interlocutory, and are only *prima facie* correct, subject to revision at any time before final settlement. They, however, are not subject to collateral attack; it must be in some direct proceeding in the court having control over them. *Goodwin* v. *Goodwin*, 48 Ind. 584; *Barnes* v. *Bartlett*, 47 Ind. 98; *Collins* v. *Tilton*, 58 Ind. 374; *Fraim* v. *Millison*, 59 Ind. 123; *Parsons* v. *Milford*, 67 Ind. 489, with the following cases therein cited: Wells Res Adjudicata and Stare Decisis, secs. 425, 426 and

482; *Paine* v. *Stone*, 10 Pick. 75; *Negley* v. *Gard*, 20 Ohio, 310; *Goodrich* v. *Thompson*, 4 Day, 215; *The State, ex rel.*, v. *Roland*, 23 Mo. 95; *Caldwell* v. *Lockridge*, 9 Mo. 362; *Short* v. *Johnson*, 25 Ill. 405; *Iverson* v. *Loberg*, 26 Ill. 180; Freeman Judgments, secs. 319*a*, 608.

If interlocutory orders and reports are not subject to collateral attack, for a stronger reason, final settlements can not be thus attacked. Indeed, final settlements can not be directly attacked, unless within the statute of limitations, for fraud or mistake. *Camper* v. *Hayeth*, 10 Ind. 528; *Reed* v. *Reed*, 44 Ind. 429; *Holland* v. *The State, ex rel.*, 48 Ind. 391; *Sanders* v. *Loy*, 61 Ind. 298; *Peacocke* v. *Leffler*, 74 Ind. 327.

The apparent exception to the rule in relation to interlocutory orders and reports is where they are attempted to be enforced against sureties on the bond; but, instead of this being a real exception, it is only a negation against their enforcement against third parties. *Lowry* v. *The State, ex rel. Hull*, 64 Ind. 421; *Cogswell* v. *The State, ex rel. Albert*, 65 Ind. 1. These cases are not applicable to the case under consideration.

It is agreed by the parties, and fully proven by the evidence, that the deceased made his final settlement as such guardian, reported it to the proper court, that it was approved and the guardian finally discharged by the court, in March, 1868. This claim was embraced in, and finally adjudicated upon, in that proceeding, and appellant can not now maintain a collateral suit to recover the same thing. Therefore, the finding of the court was contrary to law, and a new trial ought to be granted.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things reversed, at appellee's costs, with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.