## FISKE v. GOULD.

*(Circuit Court, N. D. Illinois.   May 15, 1882.)*

1. PARTNERSHIP—DISSOLUTION—DEBTS A LIEN ON ASSETS.

   Copartnership debts constitute a lien and an equitable charge upon whatever copartnership property existed at the time of the dissolution of the firm.

2. SAME—CREDITORS—RIGHTS MAY BE ASSERTED.

   A creditor of a dissolved partnership, being a non-resident of the state, is not compelled to go into the state tribunal for the purpose of asserting his rights, but may proceed directly against the individual representatives of the deceased copartners, or any person having possession of the copartnership assets, no matter under what right he claims them.   He may proceed at once, in equity, to have the assets marshalled and distributed to the creditors.

*S. C. Boyce,* for complainant.

*Roberts & Hutchinson,* for defendant.

BLODGETT, D. J., *(orally.)*   The complainant, who is a citizen of the state of New York, charges by his bill that from February 1, 1878, to December 27, 1879, William R. Gould and M. Brooks Gould were copartners, doing business in this city, as merchants and dealers in ornamental hardware, under the firm name of W. R. & M. B. Gould, and that during such time the complainant sold and delivered the firm goods to the value of $5,011.60, for which the firm became justly indebted to him, and that $2,511.60 of such indebtedness remains due and wholly unpaid.   That on the twenty-seventh day of December, 1879, M. Brooks Gould died intestate in this city, and that afterwards—that is, on the twelfth of January, 1880—the defendant Newbury C. Hills was, by the probate court of Cook county, duly appointed sole administrator of the estate of said M. Brooks Gould, and duly accepted and entered upon the duties of his office; that on the fifteenth of June, 1880, said William R. Gould died in this city, leaving a will, whereby defendant Amelia Gould was duly appointed

his sole executrix; that the will has been duly admitted to probate in Cook county, and letters testamentary issued to said Amelia Gould; that at the time of the death of M. B. Gould the firm was possessed of a large amount of partnership assets; that on the appointment of Hills as administrator of M. Brooks Gould he took possession of a large part of the stock in trade and assets of the firm, and inventoried and treated them the same as the individual assets of said M. B. Gould; that some part of the assets of the firm also came to the possession of the executrix of W. R. Gould, and are now, either the original assets or the proceeds thereof, in the possession of the said Amelia Gould as executrix.

The bill further charges that the copartnership had not been dissolved up to the time of the death of M. B. Gould, although M. B. Gould had for some time prior to his death the exclusive possession of the partnership property, and conducted the business and excluded William R. Gould therefrom, and negotiations were pending between M. Brooks and William R. Gould for a settlement of their partnership business at the time of the death of M. B. Gould. It is also charged that both the partners were insolvent at the time of their respective deaths; that defendant Hills, as administrator of M. B. Gould, and defendant Amelia Gould, executrix of William R. Gould, have paid none of the copartnership debts, and have treated the copartnership assets which came to them respectively as individual assets of the respective decedents, although the copartnership assets which came to the hands of defendants are sufficient to pay all, or nearly all, the copartnership debts; and that the copartnership creditors are entitled to be paid the full proceeds of such copartnership property. The bill prays that the defendants account for the copartnership assets which came to their hands respectively; that a receiver be appointed to take possession of such copartnership assets and administer them in the interest of the copartnership creditors.

To this bill the defendants have demurred, on the ground that the subject-matter of this suit is solely within the jurisdiction of the probate court of Cook county; that such court has ample power to marshal and distribute the assets according to the equities and priorities of the several individual and copartnership creditors, and to direct the defendants in relation thereto, and therefore this court cannot entertain complainant's bill, but complainant should apply to the probate court for such order in regard to the partnership assets as his equities entitle him to.

The case made by the bill shows defendants to be trustees for the

creditors of the firm to the extent of whatever copartnership assets have come to their hands. It shows that before the dissolution of the firm the partners died, leaving copartnership property, which is now in the possession of their individual representatives, and that these assets ought to be applied to the payment of the copartnership debts. There can be no doubt, I think, of the general principle that the copartnership debts constitute a lien and an equitable charge upon whatever copartnership property existed at the time of the dissolution of the firm. This position is fully sustained in *Menagh* v. *Whitwell*, 52 N. Y. 146, and *Rainey* v. *Nance*, 54 Ill. 29, and other cases which might be cited. While it may be true, as contended by the defendants, that the probate court has ample power under the statute of Illinois to direct the application of copartnership property to the payment of the debts of the firm, yet the complainant, being a citizen of the state of New York, is not compelled to go into the state tribunal for the purpose of asserting his rights, but may proceed directly against the defendants, or any person having possession of the copartnership assets, no matter under what right he claims them. Under the authorities, there is no necessity for this complainant, the principal debtors being dead, to obtain judgment before resorting to a court of equity, but he may proceed at once, in equity, to have the assets marshalled and distributed to the creditors entitled to them.

There is no doubt but what, under the authorities, the marshalling of the assets of copartners, or of deceased debtors; for the purpose of applying those assets to the payment of indebtedness of creditors, is one of the original subjects of equity jurisdiction, and it has been decided often that the statutory provisions of the various states, providing the method by which estates may be settled by the state, probate, and surrogate courts, do not deprive a court of equity of jurisdiction, and especially courts of the United States.

The subject was fully discussed by the supreme court in 7 Wall. 425.

I have no doubt in this case, upon the charges contained in the bill, showing that the assets of this copartnership have gone into the hands of these defendants, whether they act under the authority of the probate court, or whether they are acting without authority, an action is maintainable by the creditors of the firm for the purpose of reaching the assets and applying them to the payment of the copartnership debts.

The demurrer to the bill is therefore overruled.