## HULL *v.* DILLS.

*(Circuit Court, D. Indiana.* February 26, 1884.)

JURISDICTION OF UNITED STATES COURTS—HOW AFFECTED BY STATE LAWS.

A bill of complaint having been filed by a ward against his guardian in the United States circuit court for Indiana, it was contended by the defense that, according to the laws of Indiana, in matters of probate, relief could be granted only by the courts in which the proceedings were had, and that these could not be made subject to any collateral proceedings. *Held,* that the equity courts of the United States are not affected by the restrictions laid by the several states upon their own equity courts.

On Demurrer to Bill.

*Sullivan & Jones, W. L. Penfield,* and *E. Callahan,* for complainant.
*Coombs, Bell & Morris,* for defendant.

WOODS, J. The bill, stated generally, charges that the defendant was appointed guardian of the complainant by the probate court of De Kalb county, Indiana, and that, as such guardian, he wrongfully and fraudulently sold real estate of the complainant for less than its value, and afterwards, in like manner, procured an order of the court for the investment of the proceeds of the sale in other lands, owned by the defendant, at and for a sum greatly exceeding the value of the land, and thereupon conveyed the land to the plaintiff, and procured the approval of the court to the conveyance, by concealing from the court the fact that the land belonged the guardian himself; that the guardian had made false and fraudulent reports, and had been guilty of other official delinquencies specified, (but which need not be particularized here;) and that in October, 1878, the defendant filed with the court his resignation as guardian, concerning which the entry of record made at the time is of the tenor following, to-wit: "Which resignation is accepted." That plaintiff became of lawful age in December, 1882, and on the next day after attaining his majority, executed and tendered to the defendant a reconveyance by quitclaim deed of said land, and demanded an accounting of said guardianship, all of which the defendant refused. The prayer of the bill is "to have the said record and proceedings examined in this court and corrected or revised; annulled, canceled, and set aside;" that the order authorizing such sale may be reviewed and wholly reversed; and that the plaintiff be restored to his rights as if the sale had not been made; and, if this cannot be done, "that an account may be taken of the matters and things charged," etc.; and for general relief.

The objections made to the bill is that it shows a case wherein relief should be sought, and can be granted, only in the circuit court of De Kalb county, Indiana,—the court which is clothed with probate powers, and in which the proceedings complained of were had. In support of this view, counsel for the defendant insist, and the fact cannot be denied, that the supreme court of Indiana has repeatedly

decided that the orders of the probate courts, whether final or interlocutory, are binding until set aside; that they cannot be attacked collaterally; and that they can be set aside or corrected only in the particular court which made them; that a bill in equity is a collateral attack, and cannot be maintained in any other court. Among the cases cited are *Spaulding* v. *Baldwin*, 31 Ind. 376; *Barnes* v. *Bartlett*, 47 Ind. 98; *Holland* v. *State ex rel.* 48 Ind. 391; *Sanders* v. *Loy*, 61 Ind. 298; *Parsons* v. *Milford*, 67 Ind. 489; *Briscoe* v. *Johnson*, 73 Ind. 573; *Candy* v. *Hanmore*, 76 Ind. 125; *Jennison* v. *Hapgood*, 7 Pick. 1; *Paine* v. *Stone*, 10 Pick. 75; *Negley* v. *Gard*, 20 Ohio, 310; *Goodrich* v. *Thompson*, 4 Day, 215; *State* v. *Rolland*, 23 Mo. 95; *Short* v. *Johnson*, 25 Ill. 489; *Iverson* v. *Loberg*, 26 Ill. 180; Freem. Judgm. §§ 319a, 608.

Counsel for the complainant, on the contrary, contend that, notwithstanding the statutes which confer probate jurisdiction upon particular courts, courts of equity continue to have jurisdiction in such cases, and consequently that an original bill of review may be maintained in any court of general equity powers, state or national, which can obtain jurisdiction of the parties; and cite *Bond* v. *Lockwood*, 33 Ill. 212; *Wickizer* v. *Cook*, 85 Ill. 68; *Fogarty* v. *Ream*, 100 Ill. 366; Jones & C. Pr. p. 270, § 6; Rorer, Jud. Sales, p. 125, § 317; 2 Story, Eq. § 1339.

Whatever may be the rule in and in respect to the state courts, the jurisdiction of the federal courts, in such cases, if the parties be citizens of different states, seems to have been distinctly declared and upheld. In *Payne* v. *Hook*, 7 Wall. 425, a case wherein the bill sought "to open the settlements with the probate court as fraudulent, and to cancel the receipt and transfer from the complainant to the administrator because obtained by false representations," the proposition was advanced "that a federal court of chancery sitting in Missouri will not enforce demands against an administrator or executor, if the state court, having general chancery powers, could not enforce similar demands." In response to this, the supreme court, by Davis, J., says: "If this position could be maintained, an important part of the jurisdiction conferred on the federal courts by the constitution and laws of congress would be abrogated. But this objection to the jurisdiction of the federal tribunals has been heretofore presented to this court and overruled."

"We have repeatedly held 'that the jurisdiction of the courts of the United States cannot be impaired by the laws of the states, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power.' If legal remedies are sometimes modified to suit the changes in the laws of the states, and the practice of their courts, it is not so with equitable. The equity jurisdiction conferred on the federal courts is the same that the high court of chancery in England possesses; is subject to neither limitation nor restraint by state legislation; and is uniform throughout the different

states of the Union. *Hyde* v. *Stone*, 20 How. 175; *Union Bank* v. *Jolly's Adm'rs*, 18 How. 503; *Suydam* v. *Broadnax*, 14 Pet. 67." See, also, *Fiske* v. *Hills*, 11 Biss. 294; S. C. 12 Fed. Rep. 372; *Cornett* v. *Williams*, 20 Wall. 249.

This bill shows that the complainant is a citizen and resident of Illinois, and the respondent of Indiana, and, except in the respect already considered, its sufficiency has not been questioned. The demurrer is therefore overruled.