## CAMPER and Others *v.* HAYETH and Others.

By the proviso of § 116, 2 R. S. p. 275, a suit by residuary legatees will lie in the Common Pleas, to set aside the settlement of an estate for a mistake by the executor in failing to account for money.

But not for money paid to the widow, which neither the will nor the law allowed her. The only remedy, in such case, is an appeal to the Circuit Court, as provided by the first clause of the same section.

That statute was intended to protect the executor or administrator from suits, except for mistake or fraud, where the order making a final settlement was not appealed from.

Sections 138 and 139, 2 R. S. p. 280, apply to cases where distribution is to be made to *heirs*, and not to a case where it is to be made to residuary legatees.

APPEAL from the *Parke* Court of Common Pleas.

WORDEN J.—This was a suit by the appellees, *Thomas C. Hayeth et ux., George W. Falls et ux., Isaiah Swayne et ux., Jeptha Vanwicke et ux.,* and *Mary Martin,* daughter of *Charlotte Martin,* deceased, as legatees of *Harman Camper,* deceased, against *Robert K. Camper,* executor, and *Ellen Camper,* widow of *Harman Camper,* deceased, and *Levi* and *Margaret Martin,* appellants, to set aside the settlement and distribution of the estate of *Harman Camper,*

deceased, made by said *Robert K. Camper*, in the same Court.

May Term, 1858.

CAMPER
v.
HAYETH.

The allegations in the complaint, so far as it is necessary to notice them here, are in substance that *Robert K. Camper*, as such executor, in said settlement, failed and neglected to account for the sum of 119 dollars and 25 cents, money on hand at the time of the testator's death. And also, that he wrongfully paid to said *Ellen Camper*, widow of decedent, the sum of 298 dollars and 51 cents, to which she was not by law entitled, which sums were not distributed to the legatees as they should have been. The Court below found these items for the plaintiffs, and, so far, set aside the settlement, and rendered judgment for the plaintiffs against said *Robert K. Camper* for the amount.

The sum of 119 dollars and 25 cents was admitted to have been unaccounted for through mistake, occasioned by the inadvertence of counsel who assisted in preparing the papers for final settlement, but it was alleged by defendant that as soon as the mistake was discovered he proceeded in said Court to correct it, and did correct it, but that this suit was brought before he had time to make the correction. We see no error so far as this sum is concerned, as there is no evidence before us showing that the mistake was in point of fact corrected, or the amount distributed. What would be the effect of the correction of such error after the institution of a suit for the purpose of compelling such correction, we do not decide, as the question is not presented.

The item of 298 dollars and 51 cents paid to the widow, stands upon different ground. It appears from the complaint that the executor filed his account for final settlement, in which he charges himself with a balance of 973 dollars and 31 cents, "to be distributed under the provisions of said will, and which the said *Robert*, executor as aforesaid, distributed as follows:

" To the said widow, *Ellen*, the residue of her
 portion of 300 dollars allowed to her by law,    $77 73
" Also, one-third of residue, - - - - - - - -    298 51
" Leaving a balance (to be distributed under the
 will) of - - - - - - - - - - - - - - -    597 07

VOL. X.—34

"Which he distributed as follows," &c.—here follows a distribution to plaintiffs and others, of the residuum of the estate, which account was allowed and passed by said Court as a final settlement of the estate.

Upon the supposition that neither the will nor the law gave this money to the widow (a question which we do not decide), the question arises whether the plaintiffs below pursued their proper remedy.

The statute upon which the suit was brought, and upon which counsel for the appellees rely to sustain the proceedings below, provides as follows, viz.:

" After the debts and legacies of an estate, and charges of administration are paid, and all claims in favor of such estate are disposed of according to law, the executor or administrator shall be discharged from the further administration thereof, and no final settlement shall be revoked or reopened, except by appeal to the Circuit Court, and the same shall there appear to have been illegally made: *Provided, however*, That any person interested in said estate so settled, may have said settlement set aside for mistake or fraud, at any time within three years after said settlement, and if such person be under any legal disabilities at the time of said settlement, then within three years after the removal of such disability." 2 R. S. p. 275, § 116.

The proviso in the law above quoted, seems to convey the idea that for " mistake or fraud" in the settlement, there may be a different remedy than an appeal. Hence, we incline to the opinion that the suit is well brought to correct the mistake in reference to the 119 dollars and 25 cents. But the mistakes contemplated are evidently mistakes of fact, and not mistakes or errors of law that may have been committed on the settlement. There is no mistake or fraud charged in reference to the money paid the widow. Hence, we are of opinion that the only remedy was by appeal to the Circuit Court, if the money was illegally paid to her on the distribution.

The statute was evidently intended to protect the executor or administrator from suits, except for mistake or fraud,

where the order making a final settlement was not appealed from.

It is objected that the order of the Court making the final settlement, although it might be a protection to the clerk for paying over the money, would not protect the executor; and in support of this position, §§ 137, 138 and 139, 2 R. S. p. 280, are cited. Section 137 provides for distribution after payment of debts and legacies. Section 138 is as follows, viz.:

" At the term when a final settlement of an estate is made, if there be any surplus, the Court shall order notice to be given thirty days before the ensuing term, for three weeks successively, in some newspaper printed and published in the county, if there be any, and by notices posted up in five public places in the county, that at the next term, on the first day thereof, such surplus will be distributed among the heirs according to law."

And § 139, is as follows:

" At the next term after such publication, if any of the heirs shall appear, and prove their heirship to the satisfaction of the Court, after having examined the heirs applying, and any other person deemed proper, under oath, touching the number of decedent's heirs, and their degrees of relationship to him, such Court shall order the clerk to distribute such surplus among the heirs applying, reserving the shares of those who have not proven heirship, until they appear in person, or by guardian or attorney, and establish their heirship, when the Court shall order payment to be made to them, such guardians or attorneys."

Both of the sections above set out apply to cases where the distribution is to be made to *heirs*, and not where it is to be made to residuary legatees, as in this case. Where the property is disposed of by will, the will being before the Court, there is no necessity of continuing the cause and giving notice, as the Court can see from the will what is to be done with the residuum, and dispose of it accordingly. Where the distribution is to be made to heirs, numerous questions may arise as to heirship, advancement, &c.; hence in such case the law provides for notice.

May Term,     Neither the letter nor spirit of the sections relied upon
 1858.      is applicable to the present case.  But besides this, the com-
Woolfolk    plaint shows not only that the distribution was made, and
   v.       " allowed and passed by the Court," but that the plaintiffs
The State.  received and receipted for their respective shares.  We do
dot speak of the receipts as being conclusive, but to show
that the parties were present and acted upon the settlement
without waiting to be brought in by notice.

It being clear to our minds that the said sum of 298 dol-
lars and 51 cents cannot be recovered in this suit, it follows
that a motion for a new trial, which was made, should have
been sustained.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded for a new trial.

*J. P. Usher*, for the appellants.

*D. M'Donald* and *A. G. Porter*, for the appellees.