BEARD and Another, Administrators of DRIVER *v.* THE FIRST PRESBYTERIAN CHURCH OF THE TOWN OF PERU.

*A.* having procured the allowance of a claim against the estate of *B.*, the administrators appealed therefrom to the Supreme Court. Pending the appeal, a final report was filed by the administrators, showing a balance in their hands ; which was distributed among the heirs, and the estate finally settled. Complaint by *A.*, in the Court of Common Pleas, to set aside the settlement for fraud, averring that the pendency of the appeal prevented him from making the application, within three years after the settlement.

*Held*, that the Court of Common Pleas had jurisdiction of the cause.

*Held*, also, that the disability mentioned in 2 R. S., § 116, p. 275, relates to the competency of the party interested in the settlement to sue, and not alone to a disability to prosecute his claim within the three years.

*Held*, also, that the pendency of an appeal from the allowance of a claim is not such a disability, nor would it prevent the claimant from instituting proceedings to set aside the settlement.

*Held*, also, that if a settlement should be made without in some manner finally disposing of the debts against an estate within the knowledge of the administrator, the creditors would be barred from any further action against such administrator, after three years, even though the claim should be upon a judgment of record.

Friday,
January 25.

APPEAL from the *Miami* Common Pleas.

HANNA, J.—On *January* 11, 1856, the appellee procured an allowance to be made by the Common Pleas Court for $100, against the appellants, as the representatives of the estate of one *Driver ;* from which the appellants, on that day, appealed to this Court, where the action of the Court below was affirmed on *October* 11, 1858. On

Nov. Term,
1860.

BEARD
v.
THE FIRST
PRESBYTER'N
CHURCH, &c.

*February* 8, 1856, the appellants filed their final report, showing $1,020 of a balance after payment of debts; and filed the receipt of the wife of said *Beard* for $655, for so much due her as the widow of said *Driver;* and said *Beard* filed his receipt for the balance as guardian of the infant child of said *Driver*. The report was, on *April* 9, 1856, approved, &c. On *September* 12, 1859, the appellees filed their complaint, averring the above facts and charging that the said settlement was fraudulent, &c. The appellants answered in denial, the statute of limitations, and to the jurisdiction.

As to the answer setting up the statute of limitations, the plaintiff replied, reiterating the facts of the recovery of judgment, the appeal, &c.; and that in consequence of the pendency of said appeal, plaintiff was prevented from pressing said claim; was under a legal disability; and that three years had not elapsed since the removal of such disability.

Section 116, p. 275, 2 R. S., is the statute under which these proceedings were instituted. The former part of the section states, that after the payment, &c., the executor, &c., shall be discharged. "And no final settlement shall be revoked or re-opened, except by appeal to the Circuit Court, and the same shall there appear to have been illegally made: *Provided*, however, that any person interested in said estate, so settled, may have said settlement set aside for mistake or fraud, at any time within three years after said settlement; and if such person be under any legal disabilities at the time of said settlement, then within three years after the removal of such disability." See *Camper* v. *Hayeth*, 10 Ind. 530, for section in full.

The first point presented under this statute, is, that any effort that may be made to set aside a settlement, must be by appeal; even if it is for fraud or mistake. We do not concur in this construction of the statute. No provision incorporated into the statute, upon the subject of appeals, at all accords with the time mentioned in which such attempt to impeach the settlement for fraud or mistake may be instituted. It might be years after the settlement before the disability would be removed, and yet appeals have to be taken within a limited time.

Nov. Term,
1860.

BEARD
v.
THE FIRST
PRESBYTER'N
CHURCH, &c.

We are of opinion, therefore, that the Common Pleas Court had jurisdiction. 10 Ind. *supra.*

More than three years elapsed from the time the settlement was made until the application to set it aside. Was the reason given for not making it sooner, sufficient?

The Court found that the judgment had been taken below, appealed from, and affirmed in this Court, and the settlement made, at the times and in the manner averred; and that said settlement was so made without paying plaintiff's debt, and for the purpose of defrauding said plaintiff, &c.

We do not think the reason given for the delay was sufficient. The disability, mentioned in the statute, has reference to the position the party interested in the settlement may occupy in regard to his competency, capacity, &c., to urge objections to, or initiate proceedings to get rid of such settlement; and does not, alone, refer to a disability to prosecute his claim against the estate, within that time.

If a settlement should be made without, in some manner, finally disposing of the debts against such estate, within the knowledge of the administrator, we suppose under this statute, in connection with well known legal principles, the creditors, unsatisfied, would be barred any further action against such administrator, after three years. They could not, without getting rid of the final settlement, proceed in an attempt to collect a claim, even upon a judgment of record; because, by the final settlement, the administrator would have rid himself of all assets to meet such debt, and have been discharged, by the Court, from further liability in reference thereto. So, where an administrator administered in part, and delivered to the executor, on his coming of age, all the residue, he can not be charged by a stranger. Tol. Law of Ex., p. 475. So, if an executor *de son tort* deliver the effects to the administrator before such suit. *Id.* 367. Nor, under this statute, could the creditor proceed to set aside the settlement for fraud or mistake, even if it was a fraud to settle without reference to a known outstanding claim, because such proceedings should be instituted within the three years, unless, &c. It is eminently a statute of repose; one to guard against the vultures who hover around almost every dead man's estate, who

leaves any thing to be devoured. It may, in a rare instance, perhaps in this, operate oppressively. But, even here, the appellee had near six months, after the alleged disability was removed, to have instituted proceedings; and was not, in consequence of pending litigation on his claim, in our opinion, at any time within the three years, prevented from proceeding to set aside that settlement for fraud, &c.; indeed, that pending litigation would have been, perhaps, the prominent fact urged in a proceeding instituted to set aside the settlement. If a party should sleep upon his rights, he might thus lose a just debt; but in many more instances, without doubt, unjust ones would be cut off, where the holders were purposely delaying, awaiting the death of witnesses, or some other occurrence that would give them the advantage.

As the facts replied to the plea of the statute of limitations were held sufficient, the judgment will have to be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*N. O. Ross* and *R. P. Effinger*, for appellants.

*Orris Blake*, for appellee.