Reed *v.* Reed, Adm'r.

---

REED *v.* REED, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Reopening Final Settlement.*—A claim was filed and allowed against an estate, but on appeal to the Supreme Court the allowance was reversed. After the reversal, but before the case had been again tried, the administrator made final settlement of the estate, and the surplus was divided among the heirs of the decedent, of whom the claimant was one. After receiving his share, he instituted proceedings to set aside the settlement, on the ground that his claim was still pending, but not showing any mistake or fraud.

*Held,* that his complaint was bad.

SAME.— *Testing Legality of Settlement.*—Where final settlement has been made by an administrator, any party interested may appeal from the common pleas to the circuit court, and for any illegality in the proceedings the settlement will be set aside; or for mistake or fraud the settlement may, within three years, be set aside by the court in which it was made.

From the Fountain Circuit Court.

*G. McWilliams,* for appellant.

*W. H. Mallory,* for appellee.

BUSKIRK, J.—This was a proceeding on the part of the appellant against the appellee, as administrator of the estate of Stephen Reed, deceased, to open and set aside a final settlement of said estate.

The material averments of the complaint were, that the appellant had filed a claim against said estate, which had upon a trial been allowed; that the appellee had appealed the case to the Supreme Court, where the judgment had been reversed, and the cause remanded for a new trial; that while the said cause was pending, undisposed of, the appellee, with full knowledge of the pendency of such claim, made a final

settlement of said estate. The prayer was to open the settlement and permit the appellant to prosecute to judgment his claim against said estate before settlement of such estate.

The appellee filed the following answer:

We omit the first paragraph, as it was withdrawn.

" Par. 2. And for a second and further answer herein, said defendant admits the allegation of the complaint of plaintiff as to the appointment of this defendant as administrator, and his qualification and settlement, the obtaining of judgment by said Sampson Reed, and its reversal in the Supreme Court, which defendant avers took place on the 27th day of March, 1869, which he avers was known to Joseph Ristine, the attorney for said Sampson Reed, and to his attorney; and further he denies all fraud and mistake charged in said petition; and he says further that the final settlement made by him on the seventh day of the May term, 1869, of said common pleas court was made in good faith and with the assent and acquiescence and approval of Hon. Joseph Ristine, then judge of the Fountain Common Pleas Court and before that time and then attorney and counsellor for said Sampson Reed; and defendant avers that both parties heretofore and their attorneys at the time knew that the aforesaid judgment of said Sampson Reed against said estate had been reversed; and defendant avers that he has paid out the full amount of the distributive shares of the personal estate of said Stephen Reed, and that said plaintiff, Sampson Reed, by himself, and Joseph Ristine, his attorney, have received of the clerk of the common pleas court the amount of his distributive share, ·to wit, on the 31st day of May and 19th day of June, A. D. 1869, one hundred and sixty dollars ($160.00); and defendant avers that there are no other personal assets in his hands within his knowledge or control; and further, that the real estate, of which said Stephen Reed died seized, has been sold in proceedings for partition and sale of the same, and that the same is not under his control; and defendant files herewith and makes part of this his answer a copy of the order of settle-

ment in the said estate, with its confirmation by the court, and the receipts of the heirs distributive of their shares therein on said order marked exhibit 'A.'

"Wherefore this defendant prays judgment if said plaintiff shall have said settlement by him made as aforesaid opened and set aside."

The substantial averments in the above answer are, that the appellant claimed to be a creditor and was an heir of the said decedent; that the real estate of which the said decedent died seized had, in a proceeding to obtain partition, been sold and the proceeds paid to the heirs; that the appellant had made a final settlement of said estate with the knowledge and consent of the attorney of the appellant; that subsequent to the making of said settlement, the said appellant, with a full knowledge of all the facts, received from the clerk of said court his distributive share of the personal estate in his hands to be administered.

The question presented is, whether the appellant is estopped, by receiving his share of the personal estate, from asserting that the settlement was prematurely and illegally made, and from seeking to have such settlement opened and set aside.

We do not deem it necessary to pass upon the sufficiency of the answer, for the reason that the demurrer to the answer should have been carried back and sustained to the complaint. The complaint is fatally defective. The settlement was made in the common pleas court. Sec. 116, 2 G. & H. 518, gives to any person interested in an estate two remedies to test the validity of any final settlement. The first is by an appeal to the circuit court. It is provided in said section, that "no final settlement shall be revoked or reopened, except by appeal to the circuit court, and the same shall there appear to have been illegally made."

The administrator was prohibited by section 112 of the act relating to the settlement of decedents' estates, 2 G. & H. 517, from making a final settlement, while there was a claim pending undisposed of. There can be no doubt

that if the appellant had appealed from the order of the common pleas court making such final settlement and discharging the administrator, to the circuit court, such court would have held that the settlement had been illegally made, and would have opened and set aside the same; but instead of so doing, he received from the clerk his distributive share coming to him under such settlement as an heir of said decedent.    The pendency of his claim did not prevent him from appealing from the order discharging the administrator.    *Beard* v. *The First Presbyterian Church, etc.*, 15 Ind. 490.    The proviso to the 116th section is as follows: " Provided, however, that any person interested in said estate so settled, may have said settlement set aside for mistake or fraud, at any time within three years after said settlement, and if such person be under any legal disabilities at the time of said settlement, then within three years after the removal of such disability."

Upon an appeal to the circuit court, the settlement may be set aside for any illegality, but in a proceeding under the proviso, it can only be set aside on the ground of mistake or fraud.    There is no averment tending to show any fraud.    It is not alleged that the administrator concealed the making of the settlement, or that the appellant did not know of the settlement, nor is there any thing in the complaint which shows that there was any mistake of fact.    The only allegation having any bearing upon the question of fraud or mistake is as follows:

" And your petitioner says that the said David Reed, administrator as aforesaid, well knowing the pendency of said claim against said estate as aforesaid, did at the May term, 1869, of the common pleas court of said county make the settlement as aforesaid, and that said settlement was so made without making any provision to pay plaintiff's debt, and for the purpose of defrauding plaintiff out of said debt."

A general allegation of fraud is insufficient.    The facts constituting the fraud must be stated. *Booher* v. *Goldsborough, post,* p. 490.

It was held by this court in *Camper* v. *Hayeth,* 10 Ind. 528, that the mistakes contemplated are evidently mistakes of fact, and not mistakes or errors of law that may have been committed on the settlement.

The ruling in the above case was adhered to and followed in the subsequent cases of *The State,ex rel. Daggs,* v. *Hughes,* 15 Ind. 104; *Dufour* v. *Dufour,* 28 Ind. 421. It is quite obvious that there was no mistake of fact. It is alleged in the complaint, that the final settlement was made with full knowledge that the claim of the appellant was pending and undisposed of. It was held by this court in *Camper* v. *Hayeth* and *The State, ex rel. Daggs,* v. *Hughes, supra,* that under the above quoted statute, a final settlement, unless appealed from, is conclusive, except in cases of fraud or mistake. In the present case there was no appeal, no fraud or mistake of fact, and consequently the appellant is without remedy, for as long as the final settlement stands, he can not prosecute his claim, or even enforce his judgment on his claim if he had one. *Beard* v. *The First Presbyterian Church, etc.,* 15 Ind. 490.

The judgment is affirmed, with costs.