### HEATON *v.* KNOWLTON ET AL., EXECUTORS.

DECEDENTS' ESTATES.—*Final Settlement, Pending Appeal to Supreme Court by Adverse Party.—Reopening of.*—The final settlement of a decedent's estate, during the pendency of an appeal to the Supreme Court by a party against whom a judgment has been rendered in favor of the estate, without making provision under sec. 115, 2 R. S. 1876, p. 537, for payment of whatever may finally be determined as due to such party, is in violation of sec. 112, 2 R. S. 1876, p. 535, and is invalid ; and, upon a reversal of such judgment, and the rendition of a judgment in favor of such party, such settlement may, under sec. 116, 2 R. S. 1876, p. 537, be set aside, on petition by such party within three years after such settlement is made.

SAME.—*Appeal Bond.—Supersedeas.*—The fact that no appeal bond was filed, and no supersedeas or order staying proceedings was procured during such appeal, is no defence to such petition.

SAME.—*Answer.—Reinstatement of Appeal Dismissed.—Notice.*—An answer to such petition, alleging that such appeal had been dismissed for the failure of such party to file a brief, and that, on reinstatement thereof, no notice of the reinstatement had been given to the estate, is insufficient.

SAME.—Notice of the motion for reinstatement is all the notice to which the appellee is entitled.

SAME.—*Jurisdiction of Circuit Court.—Statute Construed.*—Since the taking effect of the act abolishing common pleas courts, the circuit court has original jurisdiction of a petition to reopen a final settlement, and sec. 116, *supra*, should be so construed.

From the Shelby Circuit Court.

*J. S. Scobey*, for appellant.

*J. Harrison* and *A. Blair*, for appellees.

HOWK, J.—At the March term, 1877, of the Shelby Circuit Court, the appellant, Thomas Heaton, filed in open court his petition, duly verified, wherein he alleged, in substance, that, on the 25th day of October, 1873, a judgment was rendered in said court against him for costs, in a suit by him against the executors of the estate of Ephraim Knowlton, late of Shelby county, deceased, to wit, Stephen Knowlton and Christian Mohr ; that from said judgment the appellant took an appeal to this court, to which appeal the appellees appeared and filed their brief therein ; that, at the November term, 1876, of this court,

the said judgment of the said Shelby Circuit Court was reversed, and the said circuit court was instructed to render judgment for said Heaton on the special findings of the jury, notwithstanding their general verdict; that the amount due the appellant in said action was the sums due on the two notes sued on therein, and all the costs in said action, both in the circuit court and in this court, and the sum paid by the appellant for the transcript on said appeal, specifying particularly each of said sums or amounts; that said action on said notes was commenced against said Ephraim Knowlton, in his lifetime, but after his death it was prosecuted against the appellees herein, as his executors, both in the circuit court and in this court; that, with said action thus pending, to which the appellees had appeared in this court, at the time of such appeal, the appellees, as such executors, at the May term, 1875, of the court below, pretended to make a final settlement of their testator's estate, without the payment of the appellant's said claim, and without making any provision for the payment thereof, and that the said claim, with interest, and all costs, were yet due and wholly unpaid; that the said appeal was duly prayed and granted, and was duly perfected in this court by the filing of the transcript therein, within the time limited by law, to which appeal the appellees appeared and filed their brief, and submitted the cause to this court for decision; and that afterward, with full knowledge that said cause was so pending on appeal, and was submitted to this court for decision, the appellees proceeded to have said estate settled in the court below, against the appellant's rights, and in fraud thereof and of the law in such case made and provided. Therefore the appellee prayed the said circuit court to set aside the said final settlement, and compel the appellees, as such executors, to pay the appellant's said claim, with all interest and costs in said case, and for other proper relief.

The appellees appeared to the appellant's petition, and

answered the same in two paragraphs, the first of which was a general denial, and the second was a special or affirmative defence.

To the second paragraph of said answer the appellant demurred, upon the ground that it did not state facts sufficient to constitute a defence to his petition, which demurrer was overruled by the court, and to this ruling he excepted.

The appellant moved the court to strike out certain specified parts of said second paragraph of answer, which motion was overruled, and he excepted to this decision, and filed his bill of exceptions. He then replied, in two paragraphs, to the second paragraph of said answer.

The issues joined were tried by the court without a jury, and a finding was made for the appellees, denying the prayer of the appellant's petition, and refusing to set aside the final settlement of said estate. The appellant's motion for a new trial was overruled, and his exception was entered to this ruling, and the court rendered judgment upon and in accordance with its finding, from which judgment this appeal is now here prosecuted.

The appellant has here assigned, as errors, the following decisions of the circuit court:

1. In overruling his motion for a new trial;

2. In overruling his demurrer to the second paragraph of the appellees' answer;

3. The court, on its finding of the facts, ought to have rendered judgment in his favor; and,

4. The judgment of the court was contrary to the law and the evidence.

We will first consider and decide the questions presented by the second of these alleged errors, namely, the overruling of the appellant's demurrer to the second paragraph of the appellees' answer.

In this second paragraph of answer, the appellees sub-

stantially admitted all the allegations of fact, in the appellant's petition, but, in addition thereto, they alleged, in substance, that the appellant did not, on his said appeal to this court, file any appeal bond, nor did he, at any time during the pendency of said appeal, obtain from this court or any judge thereof any order or supersedeas, staying proceedings on the judgment of the circuit court against him, in favor of the appellees, for costs : that, on the 27th day of July, 1874, the said appeal was dismissed by this court on account of the appellant's failure to comply with rule 14 of said court, and notice of such dismissal, issued by the clerk of said court, was filed in the clerk's office of the court below on the 30th day of July, 1874; that, on the 8th day of December, 1874, the record was re-filed and the appeal was reinstated in this court by the clerk thereof; that, after such re-filing and reinstatement of said cause, no notice thereof was given to the appellees, or either of them, nor was their appearance entered, either in person or by their counsel; that the final settlement of their testator's estate, on the 7th day of June, 1875, was made by the appellees in good faith, and with the assent, acquiescence and approval of the judge of the circuit court, and before the reversal of their judgment against the appellant for costs by this court ; that the appellees had fully paid all the debts and claims pending in said circuit court at the time of said settlement, including the widow's statutory allowance and the charges of administration, and all claims in favor of said estate had been disposed of according to law, and that there were no other personal assets in their hands or within their knowledge or control, belonging to said estate.

We are clearly of the opinion that the facts alleged in this second paragraph of answer were not sufficient to constitute any valid defence to the appellant's petition, or to justify the court in denying him the relief prayed for therein. It will be observed that the appellees have very cautiously

denied their notice or knowledge of the fact that the appellant's former appeal to this court, after its dismissal for the appellant's failure to file a brief within the time limited by a rule of the court, had been reinstated in this court. They have alleged, that, after the reinstatement of said appeal, no notice was given to them, or either of them, of such reinstatement; but they failed to allege that they had no notice of the appellant's application or motion for the reinstatement of said appeal, before such application or motion was made in this court. This latter notice was the only notice they were entitled to, and this notice they have failed to allege, in this paragraph of answer, that they did not receive. The record elsewhere shows that the appellees had written notice of the appellant's application or motion for the reinstatement of said appeal, some time before it was presented to or acted upon by this court. This was all the notice that the appellant could be required to give, or the appellees were entitled to expect or receive; and, having received and acknowledged the receipt of written notice of the appellant's application or motion for the reinstatement of said appeal, they were bound to take notice of the action of this court thereon, without notice of such action.

The appeal of the appellant's claim against the estate of the appellees' testator was duly reinstated in this court upon notice and motion, as it seems to us; and there was no allegation of fact, in the second paragraph of the answer, which was necessarily in conflict with this view of the case. The cause was thus reinstated, and was a pending claim against said estate, in this court, for six months before the attempted final settlement of said estate. It was not necessary to the pendency of the appellant's claim against said estate, that he should have given any appeal bond upon his appeal, nor that he should have sued out, from this court or any judge thereof, any *supersedeas* or or-

der staying proceedings on the appellees' judgment against him for costs. Whether either of these things were done by the appellant or not, we think that his appeal was a pending appeal, and that his claim was a pending claim against said testator's estate, which the appellees were bound to take notice of and make provision for, in any settlement of said estate. In section 115 of "An act providing for the settlement of decedents' estates," etc., approved June 17th, 1852, it is provided, that, " If at the time of final settlement of such estate any claim is pending against it unallowed, and the creditors, legatees, or heirs will execute to the approval of the claimant bond with penalty and surety, to pay the amount of his claim, if it be allowed, such estate shall be finally settled." 2 R. S. 1876, p. 537.

At the time the appellees made their final settlement of their testator's estate, the appellant's claim was pending against it unallowed, and no creditor, legatee or heir executed to his approval " bond with penalty and surety, to pay the amount of" the appellant's claim, if it should be allowed. It is quite clear, therefore, that the appellees' final settlement of their testator's estate, as against the appellant and his said claim then pending and unallowed, was illegally made. It is very clear, also, that the appellant, as a creditor, was interested in said estate, and that the appellees, through mistake or fraud, made their final settlement of said estate before any provision had been made for the payment of the appellant's claim, if it should be allowed. It follows, therefore, that the appellant had the right, under section 116 of the decedents' estates act, before referred to, to have the appellees' final settlement of said estate reopened or set aside, his petition therefor having been presented to the circuit court "within three years after said settlement." Since the enactment of the act of March 6th, 1873, by which courts of common pleas were abolished, and the circuit courts were clothed with

original instead of appellate jurisdiction in the final settlement of decedents' estates, that portion of said section 116 of the decedents' estates act which provided that "no final settlement shall be revoked or reopened, except by appeal to the circuit court, and the same shall there appear to have been illegally made," must now be construed, as it seems to us, as giving the circuit court original jurisdiction, and as making it the duty of that court to revoke or reopen the final settlement of an estate, when it shall there appear to have been illegally made. The appellees were clearly prohibited, by section 112 of the decedents' estates act, from making a final settlement of their testator's estate, while the appellant's claim was pending against it, unallowed and undisposed of; and, of course, their final settlement was illegally made. 2 R. S. 1876, p. 535; *Reed* v. *Reed*, 44 Ind. 429.

The court erred, we think, in overruling the appellant's demurrer to the second paragraph of the appellees' answer. Having reached this conclusion in regard to the insufficiency of the second paragraph of the answer, which necessarily leads to a reversal of the judgment, it is unnecessary, perhaps, for us to consider any of the other alleged errors. We have, however, very carefully considered the evidence in the record, and the facts established thereby, and in our opinion the finding of the court was not sustained by the evidence, and therefore we hold, that the court also erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the appellant's demurrer to the second paragraph of the appellees' answer, and for further proceedings in accordance with this opinion.