Dillman *v.* Barber *et al.*

Judgment affirmed.

Filed April 24, 1888.

| 114 | 403 |
|-----|-----|
| 117 | 42 |
| 123 | 457 |
| 114 | 403 |
| 125 | 163 |
| 114 | 403 |
| 138 | 167 |
| 114 | 403 |
| 152 | 194 |
| 152 | 195 |
| 114 | 403 |
| 159 | 609 |

No. 13,272.

## DILLMAN *v.* BARBER ET AL.

DECEDENTS' ESTATES. — *Notice of Appointment.* — *Time of Filing Claim.*— Where the record does not show the date at which an administrator gave notice of his appointment, an argument based upon the assumption that a claim was not filed within the statutory period will not be considered.

SAME.—*Settlement While Claim is Pending.*—The final settlement of an estate while a properly filed claim against it is pending and undisposed of, is an illegality for which the settlement, upon a proper showing, will be set aside.

SAME.—*Setting Aside Final Settlement.*—A claimant who appears at the final settlement hearing, or who has been personally summoned to attend the same, is not entitled to have the estate reopened under the provisions of section 2403, R. S. 1881, but he must then present the facts regarding his claim, and, in case of an adverse ruling, his remedy is by appeal.

Dillman v. Barber *et al.*

SAME.—*Pleading.*—*Departure.*—Where the petition of a claimant to set aside the final settlement shows that the claimant appeared by counsel at the hearing, an averment in his reply that he did not appear is a departure and will be disregarded.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar* and *W. C. Farrar,* for appellant.
*R. P. Effinger* and *R. J. Loveland,* for appellees.

ZOLLARS, J.—The material facts as shown by the pleadings, so far as they need be stated here, are as follows:

On the 1st day of January, 1884, appellee, William F. Barber, was appointed administrator, with the will annexed, of the estate of Elizabeth Woodhouse, deceased. On the 19th day of March, 1884, appellant filed a claim for $2,000, against the estate. The claim was submitted for trial on the 3d day of January, 1885, and, on account of unexpected deficiencies in the testimony, appellant was compelled to and did dismiss it, without prejudice. On the 2d day of March, 1885, the administrator filed his final report in the clerk's office, and gave the proper notice, by posting and by publication, that the same was pending for action at the March term of the court. On the 20th day of March, 1885, being ten days before the beginning of the March term of the court, appellant re-filed his claim. On the 7th day of April, 1885, being the eighth judicial day of the March term, the final report was approved, the estate was closed and the administrator was discharged, "over the oral objections of appellant's attorneys, and notice that his claim was on file and would be for trial at the next term of the court." On the 1st day of June, 1885, being at the June term of the court, appellant filed his verified petition to have the final settlement set aside, so that he might prosecute his claim to judgment and collect the amount of the allowance from the estate. The rulings upon the pleadings were such as to deny the relief asked by appellant, and to leave the final settlement undisturbed.

One of the arguments by appellees' counsel is based upon section 2310, R. S. 1881, as amended by the act of 1883 (Acts 1883, p. 153, section 5), which provides that, after the expiration of one year from the giving of notice by the administrator of his appointment, claims against the estate shall be barred unless filed at least thirty days before the final settlement of the estate.

We need not further notice that argument, as we have discovered no averment in the pleadings as to the time such notice was given by the administrator. As to the scope and effect of the statute, however, see *Roberts* v. *Spencer*, 112 Ind. 81; *Johnson* v. *Moore*, 112 Ind. 91.

Although the present statutes are less emphatic than former statutes (2 R. S. 1876, p. 535, section 112), they clearly enough provide that estates shall not be finally settled while claims against them, which have been properly filed within the proper time, are pending and undisposed of. R. S. 1881, sections 2393, 2401; *Roberts* v. *Spencer*, *supra*.

If it should be conceded that appellant's claim was not barred by reason of not having been filed thirty days prior to the final settlement, the question yet remains: has appellant made a case for the setting aside of the final settlement?

If the claim was properly pending, there was illegality in the final settlement such as would, if properly presented, justify and require the setting aside of the final settlement; but that illegality was not such as to render the order of the court, in approving the final settlement, absolutely void. So long as that settlement is not set aside in some proper manner, it is valid and conclusive. *Heaton* v. *Knowlton*, 65 Ind. 255; *Reed* v. *Reed*, 44 Ind. 429; *Carver* v. *Lewis*, 104 Ind. 438.

Under former statutes, the only remedy for such illegality in a final settlement was by appeal from the common pleas to the circuit court. 2 R. S. 1876, p. 537, section 116; *Reed* v. *Reed*, *supra*.

It has been held that since the common pleas court was abolished, in 1873, the circuit courts have had original juris-

diction to set aside final settlements thus illegally made. *Heaton* v. *Knowlton, supra.*

The statute now in force prescribes a method by which an interested party may have a final settlement, set aside, and that method must be pursued.

Section 2402, R. S. 1881, as amended by the act of 1883 (Acts 1883, p. 162, section 27), provides, amongst other things, that no final settlement shall be revoked or reopened after the close of the term at which the same shall have been made, except as provided for in the next section. That section (2403) provides, that when final settlement of an estate shall have been made, and an executor or administrator discharged, any person interested in the estate and not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate reopened by filing in the court in which the settlement was made, within three years from the date of such settlement, his petition particularly setting forth the illegality, fraud or mistake in such settlement or in the prior proceedings in the administration of the estate affecting him adversely, etc.

Appellant has not brought his case within the provisions of the above section of the statute. In order that a party may have relief under that section, it is necessary that he shall not have appeared at the final settlement, and, if not appearing, that he shall not have been personally summoned to attend the same. In appellant's petition, it is not stated whether he was personally summoned or not. There is no averment that he did not appear at the final settlement; but, on the contrary, it is shown that he did appear by his attorneys. The averments are, that the final report was approved by the court over the oral objections of plaintiff's attorneys, and notice that said claim of plaintiff was on file and would be for hearing at the next term of the court. Here is a clear statement that appellant appeared by counsel at the final hearing, and this takes his case without the provisions of

the statute under which he might have had relief, assuming that his claim was not filed too late. In his reply to appellees' answer, there is an averment that he did not appear at the final settlement, but that is clearly a departure, and must, therefore, be disregarded. Having appeared at the final settlement by counsel, he can not now be heard to say, in this proceeding, that there was illegality in that settlement, in that it was approved while his claim was pending. His remedy, doubtless, was to present the facts to the court in a proper manner at the final settlement, and upon an adverse ruling to appeal to this court.

Upon any view that may be taken of the case we feel constrained to affirm the judgment below.

Judgment affirmed, with costs.

Filed May 8, 1888.