Pollard v. Barkley et al.

Judgment affirmed.

Filed Jan. 23, 1889.

No. 12,716.

POLLARD v. BARKLEY ET AL.

DECEDENTS' ESTATES.—*Final Settlement.*—*Jurisdiction to Set Aside.*—The cir-
cuit courts have jurisdiction to set aside final settlements of adminis-
trators for fraud, mistake or illegality.

SAME.—*Proceeding to Set Aside.*—*Remedial Statute.*—Statutes providing for
the setting aside of such settlements are remedial, and proceedings for
that purpose must be prosecuted under the statute in force at the time
they are commenced.

SAME.—*Attorney Fees.*—*Administrator not Entitled to.*—An allowance of at-
torney fees to an administrator for his personal services as an attorney
in the settlement of an estate, is prohibited by sections 2396 and 2398,
R. S. 1881, and, if made, constitutes an "illegality" for which the set-
tlement may be set aside, within the meaning of section 2403.

SAME.—*Evidence.*—Where a sum has been allowed to an administrator for
his services as such and as an attorney, it is proper, in a proceeding to
set the settlement aside, for the court to hear evidence as to the value
of the services rendered as administrator, in order to ascertain the
amount allowed as attorney fees.

SAME.—*Administrator's Allowance.*—In making an allowance to an admin-
istrator for his services, the nature of the estate, the difficulties attend-
ing the recovery of the assets, the peculiar qualifications of the admin-
istrator, the advantage to the estate from such qualifications, and all
other facts and circumstances which will enable the court to come to a
proper conclusion, should be considered.

From the Carroll Circuit Court.

*J. Applegate* and *D. Turpie,* for appellant.

*W. E. Uhl,* for appellees.

ZOLLARS, J.—Appellant's final settlement as administrator of the estate of Robert Barkley, deceased, was approved by the court, and he was discharged on the 7th day of February, 1881.

Appellees, as the heirs at law of said Barkley, commenced this action on the 6th day of February, 1884, and, for the reasons stated in their complaint, asked that the settlement be set aside.

When the courts of common · pleas were in existence and had jurisdiction in probate matters, the law provided that, on appeal from that court to the circuit court, a final settlement of an administrator might be set aside, if, upon such appeal, it was made to appear that such settlement had been illegally made. It also provided that a person interested in the estate might, by a direct proceeding, have such a settlement set aside for fraud or mistake. 2 R. S. 1876, p. 537.

The courts of common pleas were abolished in 1873, and their jurisdiction in all cases was transferred to the circuit courts. The above mentioned statute was not changed, but it was held that by the act abolishing the courts of common pleas and transferring their jurisdiction to the circuit courts, those courts had jurisdiction to set aside such final settlements for fraud, mistake and illegality. *Heaton* v. *Knowlton*, 65 Ind. 255 (261).

With some restrictions and enlargements not material to be considered here, the statute of 1881 upon the same subject is substantially the same as the former statute. R. S. 1881, section 2403. Under this latter statute, such final settlements may be set aside upon the petition of a person interested in the estate, " particularly setting forth the illegality, fraud, or mistake in such settlement or in the prior proceedings in the administration of the estate, affecting him adversely."

So far as concerns the case in hearing, it is not material whether the proceeding be regarded as under the statute of 1881, or under the former statute, in force when the final

settlement was approved. In our judgment, however, the former statute was, and the latter is, remedial, and hence this proceeding must be regarded as under that of 1881.

The only reason set forth in the complaint and shown by the evidence for setting aside the final settlement, which we need notice, is that of "illegality." The statute in force at the time the final report was approved provided, as does that in force now, that no allowance of attorney fees should be made to an administrator for his personal services as an attorney in the settlement of the estate. 2 R. S. 1876, p. 546, section 149; R. S. 1881, sections 2396, 2398.

The enforcement of that statute in this case, it is apparent, will work a hardship and injustice to appellant, but the courts must enforce the laws as they find them, leaving the policy of their enactment to the Legislature. The allowance of attorney fees to an administrator, for his personal services as an attorney in the settlement of the estate, is a violation of the positive terms of the statute, and hence an illegality for which a final settlement will be set aside, just as there is illegality in a final settlement of an estate made when an unallowed claim is pending against it. 2 R. S. 1876, p. 535, section 112; R. S. 1881, section 2401; *Dillman* v. *Barber*, 114 Ind. 403; *Roberts* v. *Spencer*, 112 Ind. 81; *Reed* v. *Reed*, 44 Ind. 429; *Heaton* v. *Knowlton, supra;* see, also, *Camper* v. *Hayeth*, 10 Ind. 528; *Miller* v. *Steele*, 64 Ind. 79; *Zeek* v. *Reed*, 69 Ind. 319; *Taylor* v. *Wright*, 93 Ind. 121.

In support of the charge of illegality in the allowance to and the retention by appellant of attorney fees for personal services as an attorney in the settlement of the estate, appellees introduced in evidence his final report, which had been approved, as already stated. That report and its approval show that such fees were allowed.

The court heard evidence for the purpose of showing how much appellant's services as administrator were worth, as a means of ascertaining, as near as might be, how much of the sum allowed to him was for services as attorney. For that

purpose the evidence, we think, was competent.   As appellant did not testify upon that subject, the evidence is somewhat meager and not very satisfactory.   And for that reason, it may be, the court, in its final judgment setting aside the settlement ruled that the finding and conclusion upon that subject shall not be conclusive, nor in any way binding upon appellant or the court in settling the amount to be allowed to him hereafter for his services as administrator.

While we are constrained to hold that, by reason of the statute, nothing can be allowed to him for personal services as attorney, it is apparent from the record that he is entitled to a liberal allowance for his services in the settlement of the estate.   All that he received as assets of the estate, he recovered upon a disputed and contested claim.   In the prosecution of that claim it was necessary to take depositions in a distant State.   The cause was tried three times in three different counties, and was twice in this court on appeal.   When the claim was finally recovered, the interest amounted to about as much as the original claim.   It seems also, that in addition to his other services, appellant advanced the money to carry on the litigation.   The expenses of the litigation, extending over a period of near ten years, were necessarily large, but that is no sufficient reason why appellant should not receive a just and ample compensation for his services. In the making of such allowance, the court is not bound by any unbending rule, but will consider the nature of the estate, the difficulties attending the recovery of the assets, and the settlement of the estate; the peculiar qualifications of the administrator, the advantage to the estate from such qualifications, and all other facts and circumstances which will the better enable it to do justice as between the estate and the administrator.

It is contended, in a brief filed by one of appellant's counsel, that the evidence shows that Barkley, in his lifetime, despairing of ever recovering the claim, declined to advance money to carry on the litigation, and made an equitable as-

signment of the claim to appellant, and that, therefore, the amount recovered upon the claim equitably belonged to appellant, and not to the estate. It is not necessary for us to here express any opinion as to the weight or effect of the testimony upon that subject. This action is to set aside the final settlement simply, and that settlement was upon the theory that the money which came into appellant's hands belonged to the estate.

It is altogether probable that when appellant again files his final settlement report, his rights in the premises, and the question as to the proper amount to be allowed to him, will be more fully presented than they are by the record before us.

Judgment affirmed, with costs.

Filed June 15, 1888; petition for a rehearing overruled Jan. 23, 1889.