Filed Sept. 23, 1890.

---

No. 14,493.

WILLIAMS v. WILLIAMS ET AL.

DECEDENTS' ESTATES.—*Administrator.*—*Final Settlement.*—*Date of Fixed by Court.*—*Effect of.*—Section 23, Acts of 1883, p. 160, providing that upon the filing of a final settlement by an administrator the clerk shall fix a day in term, by endorsement on the account, when the account will be heard, is merely directory. The fixing by the court of a date for hearing the report is, at most, a mere irregularity, and the order of the court approving the report and discharging the administrator is not invalidated thereby.

SAME.—*Complaint.*—*Insufficiency of.*—A complaint by a child of a deceased widow which fails to show that there was no administration upon the estate of the decedent, and that the estate owed no debts, does not make a showing entitling such child, as the heir of such deceased widow, to the five hundred dollars allowed her from the estate of her deceased husband.

SAME.—*Sale of Widow's One-Third.*—*Proceeds of Paid into Court.*—*Litigation of Title After Final Settlement.*—Where it is alleged by such heir that the widow's one-third, with the rest of the estate, was sold by the administrator to make assets, and that the proceeds, a sum in excess of the value of the one-third, were paid into court, but such proceeds are not alleged to have been paid out, nor the title thereto alleged to have been litigated, no reason is shown for setting aside the final settlement, since the title may be litigated by the heir as well after as before the final settlement.

SAME.—*Hearing Report.*—*Summons.*—*Pleading.*—An allegation by such heir, in a petition to set aside the final settlement filed after the term at which the settlement was approved, that he had no notice by summons, or otherwise, that the report would be heard on the 14th day of February, the day finally set for a hearing, was not equivalent to an al-

legation that he was not served with summons to be present on the 7th day of February, the day on which the report was originally set for hearing. If served with process to be present on the 7th day of February, he was bound to take notice of the progress of the cause, and further notice was unnecessary.

From the Benton Circuit Court.

*J. T. Brown* and *J. D. Brown,* for appellant.

*H. S. Travis* and *T. L. Merrick,* for appellees.

COFFEY, J.—This was an action by the appellant, in the Benton Circuit Court, against the appellees, to set aside the final settlement of an administrator. The complaint consists of two paragraphs. The first paragraph alleges, substantially, that the appellant is the son and heir at law of Evan Williams, deceased ; that the appellees, Oscar Williams and Bertie Williams, are the minor children of Evan A. Williams, deceased, who was a son of said Evan Williams ; that the appellant and the appellees, Oscar and Bertie Williams, are the only heirs at law of the said Evan Williams, deceased ; that the father of the said Oscar and Bertie was the son of Evan Williams by his first wife, Harriet, long since deceased, and that the appellant is the son of said Evan Williams and Mary Williams, a second wife ; that Evan Williams departed this life intestate, in Benton county, Indiana, on the 29th day of October, 1884, and that the said Mary Williams, the mother of the appellant died intestate on the 29th day of November, 1884 ; that at the time of his death the said Evan Williams was the owner of personal property of the value of one thousand dollars, and a certain described tract of land in Benton county, Indiana, of the value of three thousand dollars ; that the said Mary Williams, mother of the appellant, inherited one-third of said land, in fee simple, as the widow of Evan Williams, and was still the owner of the same at the time of her death, and was also the owner and entitled, by virtue of her widowhood, to an allowance of five hundred

dollars out of said estate, which became and was a lien upon said real estate; that said five hundred dollars remained due and unpaid to said Mary Williams in her lifetime, and is now due and unpaid to the appellant; that the appellant is the only heir of said Mary Williams, and that upon her death he inherited from her the undivided one-third of said land; that the estate of the said Evan Williams, deceased, has been administered upon by the appellee, Wilbur F. Meader; that all of the personal property of the deceased was sold by said administrator; that the sum realized therefrom not being sufficient to pay the claims against said estate, the said administrator craftily, and with the intent to defraud appellant, on the 9th day of March, 1885, filed a petition in the Benton Circuit Court, praying for an order to sell said real estate to make assets with which to pay the claims against said estate, the said administrator knowing at the time that the undivided one-third of said land was vested in the appellant, and was not liable to be sold to make assets for the payment of said claims; that upon said petition the administrator obtained an order, and did sell the whole of said real estate for the sum of twenty-four hundred dollars, and by deed vested the title thereto in the purchaser; that on the 1st day of December, 1886, said administrator filed his account, in final settlement of said estate, in the Benton Circuit Court, when the judge thereof made the following endorsement thereon: "This account set for hearing in the circuit court, on the first judicial day of the February term, 1887, being the 7th day of February, 1887;" that said account was heard on the 14th day of February, 1887, and thereupon said administrator paid into court the sum of $1,460.51, the proceeds of the said real estate, and was discharged from his trust; that of the $2,400 derived from the sale of said real estate, the appellant is entitled to $800; that the appellee George I. Richmire is the clerk of said court, and has in his hands $500 of said money, and will, unless restrained, pay out the same, and place it out of the State,

and beyond the jurisdiction of the court and the reach of the appellant; that he has demanded said $500 from said Rich-mire, but he refused to pay the same over to the appellant; that the appellant did not appear, and was not present at or during said final settlement; that when the same was filed, and at the time of its approval, he was a *bona fide* resident of Benton county, Indiana, which fact was well known to said administrator; that he was not personally served with process, and that the same was heard and determined without his knowledge or consent.

Prayer that said final settlement be set aside, said estate reopened, and that he be permitted to prove his title to said property.

The second paragraph of the complaint is substantially the same as the first, except that it omits the allegation that the appellant was not personally served with process, and contains the additional allegations that the administrator, at and prior to the time of the approval of said final report, knew that the same was incorrect, illegal and fraudulent, in that he had received $942.99, the proceeds of the sale of said real estate, as shown by his report filed April 20th, 1886, and in his said final report represented the same as $922.99, leaving a balance in his hands of $20 not accounted for by him nor paid into court; that said final report was set for hearing on the 7th day of February, 1887, at which time appellant was present at said court to assert his right, title, and interest in and to the property included in said final settlement, and to object to the same as wrong, incorrect and fraudulent, but said administrator failed to appear, and the hearing thereof was postponed until the 9th day of February; that on that day appellant was in attendance upon said court when said administrator caused the hearing of said report to be continued, and informed appellant that the same would be heard on the 15th day of February, 1887; that he believed said statement to be true, and that the same was made by said administrator for the fraudulent and wrongful purpose of

throwing the appellant off his guard, and to prevent him from being present at the hearing of said report; that with the intent to defraud the appellant the administrator caused said report to be heard and approved by the court on the 14th day of February, 1887, with full knowledge that appellant believed the same would be heard on the 15th day of said month; that appellant had no notice by summons or otherwise that said report would be heard on the 14th day of February, and did not appear at the hearing thereof. Prayer that the order approving said report be set aside and the estate reopened.

To each of these paragraphs the court sustained a demurrer, and the appellant excepted.

The assignment of error calls in question the propriety of the ruling of the court in sustaining the demurrer to each paragraph of this complaint.

Section 23, Acts of 1883, p. 160, provides that upon the filing of a final settlement by an administrator the clerk shall fix a day, in term, by endorsement on the account, not less than three weeks from the date of filing, when the account will be heard; and it requires the administrator to give notice to all persons interested in said estate to appear in court on such day and show cause why such report should not be approved. The notice is required to be given by publication in some weekly newspaper of general circulation published in the county in which the administration is pending, and by posting notices at the court-house door for two successive weeks. The notice shall require the heirs of the decedent, and all others interested, to appear and make proof of heirship or claim to any part of said estate.

Section 2403, R. S. 1881, provides that " When final settlement of an estate shall have been made and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate

reopened, by filing in the court in which the settlement was made, within three years from the date of such settlement, his petition, particularly setting forth the illegality, fraud, or mistake in such settlement or in the prior proceedings in the administration of the estate, affecting him adversely."

It is contended by the appellant that as the time for hearing the final report in question was fixed by the court and not by the clerk, as provided in section 23, *supra*, the notice given by the administrator was invalid, and that the court did not acquire jurisdiction over the person of the appellant, and that, therefore, the order of the court approving the report and discharging the administrator is void.

We are unable to concur with the appellant in this view of the case. The object sought in requiring the clerk to endorse on the report the date at which the same will be heard, is to enable the administrator to give to those interested in the estate the notice provided for by the statute. The court has a general supervisory power and control over all estates pending before it for settlement, and all acts of its clerks in such matters are subject to its approval. We know of no reason why the court may not, in term time, as well as the clerk in vacation, fix the date at which a final report will be heard. The statute before us is, in our opinion, merely directory, and requires the clerk to do that which the court might order done in the absence of any statute upon the subject. At most the action of the court in fixing a date for hearing the report in question was a mere irregularity which did not affect the rights of the appellant, and which does not render the final order of the court void.

Neither paragraph of the complaint shows any right in the appellant to recover or receive the five hundred dollars allowed by law to the widow out of the estate of her deceased husband. It is not shown that there is no administration upon the estate of Mary Williams, the mother of appellant, nor is it shown that her estate owes no debts. In

the absence of such a showing the appellant, as her heir, would not be entitled to the five hundred dollars due her from the estate of her deceased husband.

Beyond question the undivided one-third of the land described in the complaint vested in his widow at the time of the death of Evan Williams, and upon her death it vested in the appellant, and was not subject to sale to make assets for the payment of claims against the estate of Evan Williams. It follows that if the administrator sold the whole of the land, without the consent of the appellant, one-third of the amount received belonged to and was the money of the appellant, and could not be used in the payment of claims against the estate. Doubtless the appellant has the right to follow the money and recover it, but it is disclosed by the complaint that a sum largely in excess of the amount due the appellant was paid by the administrator into court at the time of his discharge. It is not shown that this money has ever been paid out by the clerk or any one else. The presumption is that it still remains in court. There is no allegation that the question of title to this money has ever been litigated or settled by proof of heirship or otherwise.

If it has not been settled we are unable to perceive any reason for setting aside the final settlement made by the administrator in order to enable the appellant to obtain his rights. If the question of title to the money paid into court still remains open, the appellant has the same right, by proper proceedings for that purpose, to litigate and settle such title now as he would have if the final settlement were set aside. In our opinion the first paragraph of the complaint shows no valid reason for setting aside the final settlement in question.

As we have seen, in addition to the allegations contained in the first paragraph, the second paragraph alleges a mistake of twenty dollars in the final settlement.

It is not averred in this paragraph, however, that the ap-

pellant was not served with summons to be present at the hearing of the final settlement. The allegation that he had no notice by summons or otherwise that the report would be heard on the 14th day of February is not equivalent to an allegation that he was not served with summons to be present on the 7th day of February, the day on which the report was set for hearing. If he was served with process to be present on the 7th day of February, he was bound to take notice of the progress of the cause, and no further notice was necessary.

In the case of *Dillman* v. *Barber*, 114 Ind. 403, it was held that in order to make a good petition to set aside an administrator's final settlement, filed after the term at which the settlement was approved, it must be alleged in such petition that the petitioner was not personally served with process. We adhere to the ruling in that case.

We are of the opinion that the court did not err in sustaining the demurrer to each paragraph of the complaint in this case.

Judgment affirmed.

Filed Sept. 23, 1890.